HARTFORD HOSIERY MILLS *v.* C. B. JERNIGAN.

(*Nashville.*   December Term, 1923.)

**MASTER. AND SERVANT.**   Petition for modification of compensation award held properly dismissed.

Under Compensation Act, section 38, providing for hearing to modify disability awards because of increased or decreased disability, the remedy is to be restricted to the determination of whether or not there has been an increase or decrease of incapacity due solely to the injury effective since the date of the original award, and where the evidence was conflicting, but material evidence showed no decrease nor material change of employee's condition, a petition for modification was properly dismissed.

Acts cited and construed:   Acts 1919, sec. 38.

Cases cited and approved:   Milne v. Sanders, 143 Tenn., 602; American Zinc Co. v. Lusk, 255 S. W., 39.

---

FROM DAVIDSON.

---

Appeal from the Circuit Court of Davidson County.—
HON. E. F. LANGFORD, Judge.

MCCARLEY & STEPHENSON, for appellant.

J. G. LACKEY and R. C. BOYCE, for appellee.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

Plaintiff in error filed its petition under section 38 of the Workman's Compensation Act of 1919 for a modifica-

149 Tenn.—16.

tion of an award made more than six months prior on the ground of decrease of incapacity of the employee, defendant in error. The trial judge found that there was "no reason why I should disturb the previous finding I made in this case," this having been a finding of "total permanent disability of both feet of the petitioner, as defined in the compensation law." If there is material evidence to support the finding of the trial judge, his finding is conclusive here. *Milne* v. *Sanders,* 143 Tenn., 602, 228 S. W., 702; *American Zinc Co.* v. *Lusk,* 255 S. W., 39.

In *America Zinc Co.* v. *Lusk,* supra, this court ruled, in effect, that giving application to that equitable construction required by the express terms of the act, an employee suffers total disability as to the members or faculties injured whenever his capacity to earn by the use of those members or faculties has been practically destroyed. A showing of income-earning capacity by the use of other faculties, or members of the body, will not reduce the grade of the injury of the affected members or faculties, or the compensation provided. This principle is applicable in the instant case, it being insisted that both feet of the employee are permanently injured, and disabled to such a degree that he can engage profitably in no employment in which the use of these members is to any substantial degree essential.

For remunerative purposes this employee's feet have been practically destroyed, according to some of the evidence. In American Zinc Company, supra, it was said— "There is much authority for the general rule that the award may be for total disability whenever the faculty or member of the body, or the use thereof, is practically destroyed."

The principle underlying this legislation is substitution of compensatory income for loss of earning capacity, proportioned to the loss of the contributory income earning power of the particular member or faculty injured. If the hand is so injured that it can no longer contribute to the employee's income earning capacity, then, whether severed or not, however injured there is total disability as to the hand. And so of other members and faculties.

Moreover, the testimony of Dr. Billington, called for the employer, who had seen and examined the employee and testified on the original hearing, was that "his condition now is practically the same as it was when I saw him before," thus directly corroborating the claim of the employee that there had been no change in his condition justifying the application for modification. And so is the weight of the evidence.

We are of the opinion that the remedy provided by section 38 is intended to be restricted to the consideration and determination of whether or not there has been an increase or decrease of incapacity due solely to the injury, effective since the date of the original award, and the inquiry being thus limited the evidence on such a hearing is properly so directed and confined.

Evidence was introduced that the employee was capable of earning, and was in fact earning, substantial income upon the filing of the petition for modification, and, also, that his disability in the use of his feet, originally found to be total, was then approximately fifty per cent. only; but, as already indicated, there is material evidence that there had been no decrease in his disability, no material change in his condition in the pertinent particular;

and, also, that his earning capacity was not by reason, in any substantial degree, of the use of his feet, the injured members. The trial judge has in effect so found.

The case comes within the authorities hereinbefore cited, and the judgment dismissing the petition must be affirmed.