## W. M. McCaslin v. J. W. Heath et al.*

### (Jackson.   April Term, 1928.)

Opinion filed, July 16, 1928.

1. WORKMEN'S COMPENSATION. AWARD BY COURT FINAL. SECOND PETITION.  DEMURRER.

Where it appears that a petition for Workmen's Compensation had previously brought a proceeding for compensation in the County Court and had been awarded hospital and surgical bills and compensation—though inadequate—which award had been paid, such award is final and petitioner cannot maintain another suit for alleged subsequent disabilities for the same accident, and such subsequent petition will be dismissed on demurrer.   (Post, p. 381.)

Citing: Acts 1919, ch. 123, sec. 38-b.

2. WORKMEN'S COMPENSATION. SETTLEMENT. AWARD. FINAL.

That all settlements of compensation by agreement of the parties and all awards of compensation made by the Court, where the amount paid or to be paid in settlement or by award does not exceed the compensation for six months' disability, shall be final and not subject to readjustment.   (Post, p. 382.)

Citing: Acts 1919, ch. 123, sec. 37.

3. WORKMEN'S COMPENSATION. SETTLEMENT. APPROVAL BY COURT.

A settlement made under the Workmen's Compensation Law must be approved by a judgment of Court in order to bar future actions.   (Post, p. 382.)

Citing: Acts 1919, ch. 123, sec. 27; Wilkerson v. Shale Brick Co., 156 Tenn., 373.

---

*Headnote 1.  Workmen's Compensation Acts, — C. J., section 151.

---

### FROM WEAKLEY.

---

Appeal from the Circuit Court of Weakley County.—
Hon. R. A. Elkins, Judge.

J. W. Rankins, for plaintiff in error.

R. E. Maiden, for defendant in error.

Mr. Justice Cook, delivered the opinion of the Court.

(1)   The petitioner sued under the Workmen's Com-
pensation Act alleging loss of the use of a leg due to
injury on January 10, 1927, in the course of his employ-
ment at defendants' saw mill.   The defendants demurred
and the petition was dismissed.   The petitioner appealed
and has assigned errors.

It appears from the petition that in a former proceed-
ing in the County Court the petitioner was awarded
hospital and surgical bills and compensation of $5 a week
for ten weeks dating from January 10, 1927.   The de-
fendants appealed from the judgment of the County
Court to the Circuit Court, but dismissed their appeal
and paid the award which petitioner accepted.   It is
recited in the petition, "that petitioner agreed to the
compensation of $5 a week which was adjusted as above
stated, and as an addition he was awarded surgical and
hospital fees."   This is followed by the statement that
the award was intended to compensate for disability
prior to and not after the award.   Petitioner seeks ad-
ditional compensation upon the allegation that the dis-
ability, upon which the original claim was based, con-
tinued after expiration of the ten weeks period for
which the Court allowed compensation in the other pro-
ceeding.

Section 38-b, of the Compensation Act, which provides for modification of an award on the ground of increase or decrease of incapacity does not authorize this action. By the judgment of the Court, at a hearing upon evidence, petitioner was awarded compensation of $5 a week for ten weeks. That settlement was final. Section 37 of the Compensation Act provides:

(2) "That all settlements of compensation by agreement of the parties and all awards of compensation made by the Court, where the amount paid or to be paid in settlement or by award does not exceed the compensation for six months' disability, shall be final and not subject to readjustment."

(3) *Wilkerson* v. *Shale Brick Co.,* 156 Tenn., 373, relied on by petitioner is not controlling. In that case a settlement alleged to have been made with the employee in conformity with Section 27 of the Act, was pleaded by the employer in bar. The defense was of no avail because the settlement was not approved and judgment rendered thereon as provided in Section 27 of the Compensation Act, Chapter 123, Acts of 1919.

We find no error in the action of the trial Court in sustaining the demurrer. Affirmed.