CRANE ENAMELWARE COMPANY *v.* DOTSON.*

(*Knoxville,* September Term, 1929.)

Opinion filed October 19, 1929.

C. A. NOONE, for plaintiff in error.

L. D. MILLER, for defendant in error.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

On September 19, 1925, Dotson recovered a judgment against the Crane Enamelware Company in the Circuit Court of Hamilton County, under the Workmen's Compensation Act, for six dollars per week for a period of three hundred weeks. Upon appeal the judgment of the trial court was affirmed by this court in an opinion published in 152 Tenn., 461. On September 13, 1928, the Crane Enamelware Company filed a petition in the Circuit Court against Dotson seeking to have the matter of compensation readjudicated under authority of section 38 of the Workmen's Compensation Act.

The petitioner insists that he is entitled to have the compensation reduced on account of the increased wages which Dotson is earning. It is not charged in the petition that there has been an increase or decrease of incapacity due solely to the injury. Counsel for the company practically concedes that this question was decided adversely to his contention in *Jernigan* v. *Hartford Hosiery Mills,* 149 Tenn., 241. In that case it was said:

"A showing of income-earning capacity by the use of other faculties, or members of the body, will not reduce the grade of the injury of the affected members or faculties, or the compensation provided."

It was further said that—

"We are of the opinion that the remedy provided by section 38 is intended to be restricted to the consideration and determination of whether or not there has been

an increase or decrease of incapacity due solely to the injury, effective since the date of the original award, and the inquiry being thus limited the evidence on such a hearing is properly so directed and confined.''

This is a correct construction of that section of the Act and we re-reaffirm what was said in that opinion.

Petitioner further contends that it should be relieved from making further payments for the reason that since the original judgment it has repeatedly demanded that Dotson submit to an operation for hernia at its expense. That matter was decided adversely to petitioner on the former hearing, and is *res adjudicata.*

A final judgment in a compensation case is like that in any other case with the exception provided in section. 38, and the petitioner does not bring itself within the terms of that section.

The trial court very properly sustained a demurrer to the petition and dismissed it, and his judgment in so doing will be affirmed.