PHILLIPS *v.* MEMPHIS FURNITURE MFG. CO. *et al.*

*(Nashville,* December Term, 1934.)

Opinion filed February 23, 1935.

Dick Busby, of Memphis, for appellant.

Albert G. Riley, of Memphis, for appellees.

Mr. Justice Chambliss delivered the opinion of the Court.

In July, 1925, a joint petition was filed in the circuit court of Shelby county by L. J. Phillips and Memphis Furniture & Manufacturing Company for confirmation of an agreed settlement in writing of a claim for compensation. It was alleged that Phillips was an employee of the Furniture Company; that in February before he had suffered an accidental injury to his left eye in the course of his employment; that it had been agreed that his compensation should be fixed at $12 a week for fifteen weeks, and the sum of $180 had been paid to him. The petition was signed and sworn to by Phillips in person and the name of the Furniture Company was signed "by Albert J. Riley, Atty." The written agreement was exhibited.

The circuit judge heard the application and approved the settlement, but added to his decree, by consent of both parties, the following provision or condition:

"This compensation is for present injury and in the event disability to eye should increase, application for further compensation under the statute may be made by L. J. Phillips which is ordered, adjudged and decreed by the Court by and with the consent of the parties both plaintiff and defendant."

484

Pursuant to the right thus expressly reserved to him, Phillips filed his petition in the cause on the 6th day of February, 1933, alleging an increase of disability, in that, as the ultimate result of said injury in 1925, he had lost the sight and use of this eye, and he prayed for "further compensation under the statute," an award of compensation for eighty-five additional weeks, making one hundred weeks in all. By demurrer the Furniture Company invoked the bar of limitation statutes hereinafter considered.

The trial judge sustained the demurrer, without specifying which of the statutes he found applicable, and petitioner has appealed.

In addition to limitation statutes, the demurrant relied on laches; but since the petition shows that the basis of the application for the increased allowance, the loss of the eye, did not become manifest until very shortly before the filing of the petition, no laches appears.

The bar set forth in Code, section 6874, applies to a case of failure to give notice to the employer. That defense is not available here. It relates to the original presentation of the claim, not to an application based on an alleged increase of incapacity due to the original injury. For the same reason, the one year after occurrence of the injury limitation, in section 6884, is not applicable to this claim for increase. The bar of the statute is tolled by the original institution of the claim. The statute of limitations "will not run against a right in litigation." This is a general rule. See *Epperson* v. *Robertson*, 91 Tenn., 407, at page 416, 19 S. W., 230. Sections 6891 and 6892, which make final all lump-payment awards, would, of course, cut petitioner off, but for the express provision

of the decree above set out to the contrary. These are the Code sections cited in the first paragraph of the demurrer.

It is insisted, in substance, in the second and third paragraphs of the demurrer, that the petition for increase of compensation must have been brought (1) within the time for which compensation is payable "for the loss of an eye," that is, one hundred weeks (section 6878), or (2) within one year after the running of this period; that this section 6892 providing for proceedings to reopen and readjust an award should be so construed; that one or the other of these limitations should be read into the statute as reasonable and inferable.

Attention is called on the brief to the compensation statutes of a number of other states which contain time limitations upon such proceedings. There is no uniformity in these statutes. Some states fix a limit of one year from the award, or from the final payment. One state, Ohio, fixes ten years from the date of the last payment made under the original award. But this argument is not persuasive. It rather suggests that the omission by the Tennessee Legislature of a limitation on this right was purposeful and not inadvertent.

More in point are decisions cited of the courts of New Jersey, Vermont, and Georgia construing statutes containing no limitation on the time within which applications must be brought for increased or additional awards based on the original injury once finally adjudged. But in none of these cases had reservation of this right been expressly made in the decree of award, as appears here. And the language of the paragraph quoted from the opinion in the Vermont case relied on (*Bosquet* v. *Howe Scale*

*Co.*, 96 Vt., 364, 120 A., 171, 173) is as follows: ''We are constrained to hold that the phrase 'at any time' does not give the commissioner continuing jurisdiction, unlimited as to time, but means at any time before a claim for compensation pending with him is finally disposed of.''

The distinctive point is apparent. The thing lacking in that case is supplied here. By the express terms of the decree in the instant case, the jurisdictional right was extended and final disposition was deferred, and this by agreement and consent of the parties.

The invoked application by the court of a time limit for the bringing of this claim for an increased allowance is confuted by two cumulative conditions. In the first place, our statute (section 6892) not only contains no limiting words, but expressly provides in both subsections (a) and (b) that an increase may be made either (1) by agreement or (2) by the court, ''at any time,'' after six months, if under subsection (b). And, in the second place, the decree contains no words suggestive of a limitation, reading, ''This compensation is for present injury and in the event disability to eye should increase application for further compensation under the statute may be made,'' etc. The decree carries no suggestion on its face of a limitation upon the time within which this application must be made.

The Compensation Law carefully guards the rights of employees and dependents in the matter of settlements by requiring that no agreement of settlement shall be binding unless submitted to the circuit judge for his consideration and approval. So this agreement was brought to him, the employer corporation, or its insurer,

being represented by counsel. The judge quite properly, we think it sufficiently appears, examined into the condition of the injured employee, and finding that there was a possibility that the agreed allowance might prove inadequate, and knowing that no recourse would otherwise be left open to him for relief, caused to be incorporated, as a part and condition of his approval, this provision. It is fairly to be assumed that such were the circumstances of the entry of the decree. Whether or not the judge would have placed a time limit, if so requested by the employer, or whether or not such a request was made, does not appear; but certain it is that his order contains no such limitation. The statute fixing none, and the decree fixing none, the court is not authorized to do so.

It is urged that the use in the decree of the words "under the statute" has the effect of incorporating limitation provisions wherever found in the law. We have hereinbefore shown wherein certain of these are inapplicable. Moreover, the words of the decree, "further compensation under the statute," have obvious reference to the provisions governing the nature of the injuries and extent of the award, and not elements of procedure. The application would be maintainable only for an increased allowance according to the sums fixed by law, that is, "under the statute."

It is also plausibly urged that the bar of the six-year statute should be applied, on the theory that this is a suit on a contract. This statute (Code, section 8600) reads, "actions on contracts not otherwise expressly provided for, *shall be commenced* within six years after the cause of action accrued." Several objec-

tions suggest themselves to the application of this statute in the case before us.

The Compensation Law is a comprehensive enactment setting up new rights independent of and at variance with those arising under the law of master and servant and of tort, and purporting not only to fix rights as between employers and employees, but to prescribe precisely forms of remedy and procedure, and expressly to fix limitations for the *commencement of actions* thereunder. These limitation provisions found in the law are set forth in the demurrer and have hereinbefore been considered. Code, sections 6874, 6884, 6891, and 6892. And, as before pointed out, section 6892, conferring the right of modification of an award previously fixed, although expressly dealing with the element of time, not only prescribes no limitation, but in terms provides that modification may be sought (a) "at any time by agreement of the parties," or (b) if the parties do not agree, "then at any time after six months from the date of the award." We have here then a system of law, which not only (1) expresses no time limitation upon the assertion of this right of modification, but (2) by the use of the phrase "at any time" affirmatively rebuts a limitation, and (3) which incorporates fixed limitations with respect to the enforcement of other rights. The last of these propositions just stated would seem to call for the application of the well-known rule of construction found in the maxim, *"Expressio unius est exclusio alterius."* The general rule that the courts are without power to add other exceptions in statutes to those made by the Legislature applies to statutes of limitation, as well as to others. See many supporting citations in note

under section 4451 of Shannon's Annotated Code. And for a full discussion of the rule that "an express exception, exemption or saving excludes others," see the opinion of Mr. Justice Green in *Turner* v. *Eslick*, 146 Tenn., 236, 240 S. W., 786, 787. Having elaborately set up workman's compensation rights and completely covered that field of legislation, and provided for the terms upon which and the time within which proceedings should be had thereunder, and having expressly incorporated certain limitations upon the bringing of actions, it is not to be presumed that the Legislature intended other limitations fixed by general laws to apply.

Moreover, it may well be doubted that we have here an action on a contract "not otherwise provided for." Conceding, but not deciding, that this liability arising by statute is so contractual in its nature as to bring it within the definition of "a contract," as the term is used in this statute, the conditions applicable to the bringing of this "action" appear to have been provided for by the Compensation Law which creates the right of action. A doubt also arises on the facts of the instant case that the "action" was brought more than "six years after the cause of action accrued." This doubt has two bases; one relating to the time when action was commenced; the other as to the time when the cause accrued. It may well be argued (1) that the action was "commenced" when proceedings were originally begun in court resulting in the decree hereinbefore shown; and, on the other hand, (2) that the cause of the present action did not accrue until six weeks before this claim for modification was presented, it appearing that the total loss of the eye had not resulted until then. And,

in addition to what has been said, it is plausibly insisted that we have here, not a contract merely, but a decree on which the demand—or "action," if properly to be so termed—now presented is based. When merged into a judgment the demand no longer rests on contract. See *Morley* v. *Railroad Co.*, 146 U. S., 162, 13 S. Ct., 54, 36 L. Ed., 925.

We are cited to *Federal Rubber Company et al.* v. *Industrial Commission of Wisconsin et al.*, 185 Wis., 299, 201 N. W., 261, 262, 40 A. L. R., 491, in which a six-year statute was held applicable to a claim for additional compensation filed some eight years after the date of the original award. That case is clearly distinguishable and not controlling here. For example, while some compensation payments had been made to the employee in September, 1913, immediately following his injury, no court proceedings were had and no decree entered at that time. And, although his increase of incapacity took place in December, 1913, and was then ascertained by him, no claim was presented based thereon until October, 1921. Also, the six-year statute applied differed from ours; and, finally the decision was by a divided court, the dissent of three justices being vigorously, and we think convincingly, expressed in the following language:

"Limitations upon the time for commencing actions or proceedings or enforcing remedial rights are statutory in their origin. It is conceded that there is no express statute which bars the claim. Even granting that the allowance of this claim by the Industrial Commission constitutes a proceeding within the meaning of the title of chapter 177, Statutes 1921 (which I do not be-

lieve), we find no provision in that chapter which bars the presentation and consideration of this claim. The court concludes that it was the legislative intention that this claim should be barred within six years, because the former personal injury action was barred in that time. I do not think this is sound nor permissible.

"The old law of master and servant was scrapped as social and economic obsolescence, and was supplanted by a complete and comprehensive scheme for the compensation of industrial accidents." It has not been customary to resort to the old law of master and servant for analogies to aid in the construction of the Workmen's Compensation Act, because that act is based upon principles entirely incompatible with the former law. The framers of the Workmen's Compensation Act expressly provided for two limitations. The logical inference is that they did not intend to provide any further limitations. "I cannot but regard the decision in this case as a judicial invasion of the legislative field, and I must dissent."

In *Rye* v. *Du Pont Rayon Co.*, 163 Tenn., 95, at page 98, 40 S. W. (2d), 1041, 1042, MR. JUSTICE COOK uses language somewhat similar to that above quoted in emphasizing the self-sufficient, *sui generis*, character of our Compensation Act, saying:

"By chapter 123, Acts of 1919, the old law of master and servant was cut away as a social and economic obsolescence, and new rights, remedies, and obligations substituted for the compensation of workmen injured or killed by industrial accidents. The right of action thus substituted was not strictly an action in tort or

contract, and to avoid doubt as to the application of existing statutes of limitations the legislature incorporated one in the act.''

For the reasons indicated, the judgment is reversed, and case remanded.