Shockley v. Morristown Produce & Ice Co.

(*Jackson*, April Term, 1937.)

Opinion filed June 18, 1937.

O. L. McMahan, of Morristown, for appellant.

J. H. Hodges, of Knoxville, for appellee.

Mr. Special Justice F. T. Fancher delivered the opinion of the Court.

The matters in controversy in this cause arise upon a petition filed by Ollie Shockley on May 14, 1935, in the chancery court of Hamblen county, alleging that on August 6, 1927, her husband was killed near Lynchburg, Va., while in the employ of the defendant, Morristown Produce & Ice Company, and that the accident resulting in his death arose out of and in the course of the employment.

The petition is filed in the cause heretofore pending in said court and which was appealed to this court and in which petitioner was granted a recovery of benefits under the terms of the Workmen's Compensation Law (Code 1932, section 6851, et seq.). The opinion in this original case is reported in 158 Tenn., 148, 11 S. W. (2d), 900. In the original cause the chancellor was reversed and the cause remanded by this court with directions that a decree be entered in the chancery court at Morristown in accordance with the opinion of this court. It was held that complainant and her children were entitled to compensation in the sum of $16 per week until the children became of the age of eighteen years, and after that time payable to the petitioner for her sole use and benefit at the rate of $12.75 per week until the full amount of compensation due her was paid. In the calculation and entering of the final decree on the remand of the case, the attorneys and the court assumed that the aggregate sum to be received should not exceed $5,000.

It is averred in this present petition that the decree entered was erroneous in so limiting the recovery; that as a matter of law the statute provides she was entitled to compensation at the stipulated amount for the full term of 400 weeks. Petitioner avers that the error was due to a misapprehension of law; that the law applicable to cases where persons were permanently and totally disabled was applied instead of the law applicable in death cases.

It is further averred that in pursuance of said decree compensation was paid to her monthly until the full maximum amount of $5,000 was paid; that the last payment was made to her on May 22, 1934; that from that date defendants have been in default on the balance due her under the terms and provisions of the Workmen's Compensation Law of Tennessee. A certified copy of the original decree entered in the chancery court is attached as Exhibit No. 1. The petition contains a proper prayer for relief and for general relief. The defendants interposed a demurrer to the petition, the material grounds thereof being that the petition was filed for the purpose of correcting an error in legal construction or correction of a conclusion of fact made by the chancellor at a term prior to the term at which the petition for correction was filed and more than six years prior to the filing of the petition in this cause. Further, that the matters involved are *res judicata* and because the full amount of the decee of January 30, 1929, had been paid in full; also that the claim is barred by the statute of limitations of one year and three years if it be considered a petition or bill of review.

By amendment, petitioner states that she sues the defendants for the additional compensation due her in-

cident to the death of her husband over and above that heretofore paid; that this is not to correct the error of law committed in the former case but for additional compensation.

Petitioner relies on the opinion in this court in the case of *Clayton Paving Co.* v. *Appleton*, 163 Tenn., 27, 39 S. W. (2d), 1037, which was decided about thirty months after the decree was entered in this cause. In the above-mentioned case of Clayton Paving Co., the situation was almost identical with the situation now presented. A settlement had been made with the dependents, the widow and children, and judgment rendered thereon by the circuit court awarding compensation under the Workmen's Compensation Act. This award was fixed at $15 per week subject to the limitation of $5,000 imposed by section 28 (d) of the act [Code 1932, section 6878 (d)], which regulates compensation to injured employees in cases of permanent total disability. It was held by the trial judge, and affirmed by this court, that section 30, subsection 16, of the act [Code 1932, section 6883 (17)], providing for compensation to dependents in case of the employee's death by accident, extended the weekly payments throughout 400 weeks and that the limitation of section 28 (d) only applied in cases of permanent total disability. In the Appleton Case the defendants paid monthly installments provided for in the judgment until they reached $4,995 and then tendered $5, making a total of $5,000, and took the position that this was the limit. Mrs. Appleton, for herself and children, then filed a petition, as in this case, to enforce payment of the additional installments. The whole case turned on the construction of the act, as amended. There is no

discussion in the opinion of the question of *res judicata*, the statute of limitations, or the correction of erroneous legal construction in rendering the judgment. The right to recover the additional amount seemed to have been conceded so far as the issues were concerned provided the petitioner was entitled to compensation for the full 400 weeks, regardless of the $5,000 limitation. So the questions here presented seem to be undecided and open.

Looking further to the original decree in the present case, it will be observed that while the amounts stipulated ran from August 6, 1927, and for 400 weeks thereafter, it was provided that such payments were not to exceed $5,000, exclusive of funeral expenses; and after providing for $100 for funeral expenses it was provided in the decree that the payments were "to be an acquittance of all claims now or hereafter by reason of burial and funeral expenses and all claims of every kind and character except in the compensation awarded herein."

No exception was made to the decree at the time; it seems to have been entered with the approval of solicitors for petitioner and solicitors for defendant. It was not entered as a decree for permanent total disability but was for the death claim as established in the cause. The decree entered was the decree intended to be put down and the misapprehension of law was not brought forward for additional compensation until some six years after the entry of the decree.

The defense now presented by demurrer in this cause was not considered in the Appleton Case. The only provision we find in the compensation Act that permits a redetermination of the amount adjudicated is provided for under Code, section 6892, and it provides that when

the compensation is finally adjudged by the court, the amount thereof may be modified at any time by agreement of the parties and approved by the court, or if the parties cannot agree then at any time after six months from the date of the award; and application may be made to the courts, by either party, on the ground of increase or decrease of incapacity due solely to the injury.

The act makes no further provision for modification of the final judgment which is to be entered, fixing the amount and terms of payment of compensation. In *College Coal Mining Co.* v. *Smith*, 160 Tenn., 93, 21 S. W. (2d), 1038, 1039, the court considered a petition by the defendant seeking to reduce the amount payable, and upon a situation like the present one except the application was made by the defendant rather than the original petitioner. A final decree had been entered by agreement at the January term of the court in 1924, awarding compensation to petitioners and fixing the total sum to be paid in monthly installments, at $5,000. On March 9, 1929, more than five years thereafter, the defendant filed a petition in the case setting out the record and facts and alleging that according to a construction of the Compensation Act announced by this court in cited opinions, the amount fixed by the decree was erroneous and excessive and that more than the correct amount had been paid. The petition prayed that the decree of 1924 be modified and corrected so as to adjudge a total liability payable in installments of $4,041. So in that case, as in this, the amount awarded was upon a misapprehension and was erroneously fixed, the only difference being that the amount in that case was too large, while in this case it is too small. It was held by this court in *College Coal Mining Co.* v. *Smith*, sustaining the demurrer, that

if a mistake was made it was a mistake of law in construction of the act, not a clerical or inadvertent mistake; that the trial judge in approving the award made had performed a judicial function. The court further said:

"There was no mistake made in entering the decree. The very decree was entered which was intended, and the award was fixed at the exact sum which the court agreed with counsel for both parties was the amount authorized by law. Such a mistake in judgment is not subject to correction at a subsequent term. When the decree as entered expresses what was the intention of the court at the time of its rendition, it may not be changed at a subsequent term, regardless of how erroneous, either in law or in fact, the conclusion reached may thereafter appear to be."

We regard the amendment to the petition undertaking to say that this is not to change the former decree but is only for an additional amount as a mere fiction; in reality petitioner does seek to modify and change the former decree. In that decree it was adjudicated that the amount to be paid was not to exceed $5,000 and that it was to be an acquittance of all claims now or hereafter of every kind and character except the compensation awarded therein; so while there was a misapprehension of the law and the limit fixed on the amount recovered was erroneous, yet it was a final adjudication. It stands as any other matter of adjudication and became a finality; any additional amount that might now be decreed would be directly in conflict with that decree. It being too late to have it reversed for error apparent on the face of the record, it must be held to be *res judicata* and binding on the parties. If a larger amount than the law permits

is binding on the defendant, as was decided in the *College Coal Mining Co.* v. *Smith Case*, so also must it be binding where the amount adjudicated was too small, as in the present case.

The decree of the chancery court of Hamblen County must therefore be affirmed.