HAY *v.* WOOSLEY *et al.*

(*Nashville*, December Term, 1939.)

Opinion filed February 3, 1940.

EDWIN T. NANCE and R. B. JACKSON, both of Shelby-
ville, for plaintiff.

BEN KINGREE, JR., of Shelbyville, for defendants.

MR. JUSTICE CHAMBLISS delivered the opinion of the
Court.

This is a petition brought under Section 6892(b) of
the Code seeking an increase in the compensation which
had been allowed petitioner in a former proceeding in
which he had been awarded a judgment for permanent
partial disability of a leg to the extent of 30 per cent
thereof.

The defendants filed a special plea of *res adjudicata* to
the petition coupled with an answer. The case was heard
by the Circuit Judge upon these pleadings and a written
stipulation reading as follows:

"It is stipulated by and between Counsel in open
Court that the defendant partnership paid into the hands
of the Clerk of the Circuit Court the full amount of the
judgment rendered against them, being $266.40, and said
amount of said judgment was received by the petitioner
and his Counsel on April 24, 1939, the amount of $266.40

being paid by the defendant partnership on April 18, 1939.''

The trial Judge sustained the plea and dismissed the suit and Hay has appealed. There is no bill of exceptions in the record but the judgment of the trial Judge contains a full recital of the necessary facts which appear from the Court records and the stipulation among other of these records being the opinion of this Court in the former trial of the case, it appearing that the case was appealed to this Court and here modified as to amount and affirmed and remanded for enforcement of the award, etc. We find no error in the action of the trial Judge in dismissing this petition.

In the first place, as insisted by counsel for the employer, whatever may have been the intention of petitioner, we are not of opinion that on the face of the petition it is satisfactorily shown or charged that petitioner had suffered any increase of incapacity since the determination of his original action. This is, of course, an absolute essential of the right to have an additional award under Code, Section 6892. This is well settled. *Hartford Hosiery Mills* v. *Jernigan*, 149 Tenn., 241, 259 S. W., 546; *Crane Enamelware Co.* v. *Dotson*, 159 Tenn., 561, 20 S. W. (2d), 1045. Petitioner proceeds in his petition to state with much emphasis the facts as to his physical condition and suffering, but we find no express or explicit charge that this condition is worse than it was when the decree was rendered in the original case or that he is now any more incapacitated than he alleged himself then to be. But if the petition was sufficient in this regard on its face, we think petitioner may not recover for the further reason that it is apparent that a lump settlement was made with him at the conclusion of the original litigation. This clearly appears from the

478

stipulation quoted above. Code, Section 6892, under which petitioner seeks recovery, and which is the only provision in the Compensation Act providing for a re-opening and re-determination of an award (*Shockley* v. *Morristown Produce & Ice Co.*, 171 Tenn., 591, 106 S. W. (2d), 562), reads as follows:

"Lump payments are final; periodical payments for more than six months may be modified, how.—All amounts paid by employer and received by the employee or his dependents, by lump sum payment, shall be final, but the amount of any award payable periodically for more than six months may be modified as follows," etc.

■ A final judgment in a compensation case is final, as in any other case, unless the petitioner seeking to re-open the case can bring himself within the terms of this Section. *Crane Enamelware Co.* v. *Dotson, supra*. This was the rule applied by the trial Court in the instant case in sustaining the plea of *res adjudicata*, it appearing without dispute that at the conclusion of the original suit for compensation a "lump sum payment" of $266.40, the full amount of the judgment rendered, had been paid by the same defendants to the petitioner on April 24, 1939, prior to the filing of the present petition on the 18th day of July, 1939.

■ It is said in this Court for petitioner that the opinion of this Court on the former hearing recognized in terms the right of petitioner to bring action later under Section 6892, if his condition should justify it, and this quotation is made from that opinion: "The employee can make further application to the Court below." And it is said that the compensation awarded in this case was for a longer period than six months and is, therefore, not final. The theory of petitioner's counsel seems to be that since the original award was payable periodically,

for more than six months, it is subject to modification upon a proper showing, despite the fact that it was settled in a lump sum payment. It is true that the opinion of this Court making the award, after reciting that Hay had been paid compensation theretofore for twenty-seven weeks, did provide that, ''his compensation for the loss of the use of his leg will, therefore, continue for only fifty-five and one-half weeks longer.'' Now fifty-five and one-half weeks is more than six months, and if petitioner had not made a lump sum settlement, but had proceeded under the weekly payment plan on the basis awarded, he would then have been entitled to have brought his petition for modification ''at any time after six months from the date of the award.'' But we find no support for the claim that after one has accepted a ''lump sum payment,'' regardless of the amount, he can proceed under this statute for a modification of the original award. The language of the statute is so plain in this regard that this Court has not been called upon directly to construe it, so far as our decisions show, but in *Phillips* v. *Memphis Furniture Mfg. Co., et al.*, 168 Tenn., 481, at page 484, 79 S. W. (2d), 576, in the course of an opinion dealing with several phases of the law of this Code Section, it is remarked in passing that the language above quoted makes ''final all lump-payment awards.''

The judgment must be affirmed.