FIDELITY & CASUALTY CO. OF NEW YORK *v.* LONG.

*(Jackson,* April Term, 1943.)

Opinion filed May 6, 1944.

HOLMES & HOLMES, of Trenton, for plaintiff in error.

TAYLOR, ADAMS & FREEMAN, of Trenton, for defendant in error.

MR. JUSTICE McKINNEY (Retired) delivered the opinion of the Court.

On August 16, 1938, Ira Long, while in the employ of J. O. Long Lumber Company, fell and sustained an injury to his spine which rendered him totally and permanently disabled to carry on his trade, which was that of a carpenter, for which he had received an average weekly wage of $45.

Long's employer, by and with the consent of its insurer, petitioner, The Fidelity and Casualty Company of New York, entered into a written agreement with Long to pay him $16 per week from August 16, 1938, for a period of 550 weeks, which agreement was approved by the Circuit Court of Gibson County on August 14, 1939, and judgment entered accordingly.

On June 22, 1942, The Fidelity and Casualty Company of New York filed its petition in said case, alleging that it had made said weekly payments to that time, but "that, since the award there had been, and now obtains, a substantial and material decrease in the incapacity of Ira Long due solely to the injury," and a modification of the award was sought. The trial court found that there was no decrease in the incapacity of Ira Long, due solely to the injury, and that finding, as we understood counsel

on the presentation of the case is not questioned in this Court. The petition wis dismissed in the trial court and the case is in this Court by appeal on behalf of petitioner.

What we have said seems conclusive as to the disposition of the case in this Court, since relief was sought solely upon the ground of decrease in incapacity due solely to the injury, while it is conceded that there is no such decrease.

On the trial of this case it was shown that about three months subsequent to the filing of the petition herein Long was employed at a defense plant under construction near Halls, Tennessee, in the capacity of a foreman, his only duties being to sit or stand around where carpenters were engaged and see that they were performing their work in a proper manner. This employment was of a temporary nature, due likely to shortage of man power, lasting for less than one year, during which period Long received an average wage of $75 per week.

This temporary, and unusual, employment does not affect or lessen the award adjudged on the original hearing.

The controlling statute, section 6892 of the Code, section 38 of the Workmen's Compensation Act, makes no provision for such employment, or other source of income. It provides as follows:

"All amounts paid by employer and received by the employee or his dependents, by lump sum payment, shall be final, but the amount of any award payable periodically for more than six months may be modified as follows:

"(a) At any time by agreement of the parties and approved by the court.

"(b) If the parties cannot agree, then at any time after six months from the date of the award an applica-

tion may be made to the courts by either party, on the ground of increase or decrease of incapacity due solely to the injury. In such cases the same procedure shall be followed as in section 6884 in case of disputed claim for compensation.''

Counsel for petitioner concede that *Crane Enamelware Co.* v. *Dotson*, 159 Tenn., 561, 20 S. W. (2d), 1045, holds contrary to their contention, but take the position that the decision in that case does not harmonize with the later decisions of this Court, citing *Standard Surety & Casualty Co. of New York* v. *Sloan* (Tenn. Sup.), 173 S. W. (2d), 436, 149 A. L. R., 407, and *Sun Coal Co.* v. *Epperson*, 178 Tenn., 114, 156 S. W. (2d), 400. These cases deal with original awards, are governed by other sections of the Code, and section 6892 was not before the Court for construction in those cases; hence there is no conflict.

In *Crane Enamelware Co.* v. *Dotson, supra*, the employer sought a readjudication of compensation under section 6892 of the Code, without alleging in its petition that there had been an increase of capacity due solely to the injury, although it appeared that the employee's wages had been increased. In denying the relief sought the Court said:

''Counsel for the company practically concedes that this question was decided adversely to his contention in *Hartford Hosiery Mills* v. *Jernigan*, 149 Tenn., 241, 259 S. W., 546. In that case it was said:

'' 'A showing of income-earning capacity by the use of other faculties, or members of the body, will not reduce the grade of the injury of the affected members or faculties, or the compensation provided.'

''It was further said that:

194

" 'We are of the opinion that the remedy provided by section 38 is intended to be restricted to the consideration and determination of whether or not there has been an increase or decrease of incapacity due solely to the injury, effective since the date of the original award, and the inquiry being thus limited the evidence on such a hearing is properly so directed and confined.'

"This is a correct construction of that section of the act and we reaffirm what was said in that opinion . . .

"A final judgment in a compensation case is like that in any other case with the exception provided in section 38, and the petitioner does not bring itself within the terms of that section."

■ In *Shockley* v. *Morristown Produce, etc., Co.*, 171 Tenn., 591, 106 S. W. (2d), 562, it was held that section 6892 of the Code is the only provision in the Compensation Act that permits a redetermination of the amount adjudicated.

■ Counsel for petitioner attempt to have the Court make a distinction between scheduled injuries and injuries not scheduled, pursuant to Subsection (e) of Code section 6878. Such a distinction may be appropriate in some cases but has no application when it comes to section 6892, here involved; and, in our opinion, such was not contemplated by the Legislature. This statute is plain, simple, and free from ambiguity, and in *Hartford Hosiery Mills* v: *Jernigan* and *Crane Enamelware Co.* v. *Dotson*, the Court was simply following the clear mandate of the statute, which only provides for a modification of an award, payable in installments, "on the ground of increase or decrease of incapacity due solely to the injury." An increase of wages, or income from a patent, an inheritance, or the discovery of an oil well does not affect

the award if there has been no increase or decrease of incapacity due solely to the injury.

The trial court was correct in dismissing the petition of The Fidelity and Casualty Company of New York, and its judgment is affirmed.