622

AMERICAN SNUFF COMPANY and AMERICAN MUTUAL
LIABILITY INSURANCE COMPANY,

*v*

WILL HELMS.

(*Nashville,* December Term, 1956.)

Opinion filed April 1, 1957.

ALBERT G. RILEY, Memphis, for appellants.

R. L. Pearson and Jess D. Ewing, Memphis, for appellee.

Mr. Justice Burnett delivered the opinion of the Court.

Helms, an employee, filed his original bill in the Chancery Court of Shelby County to obtain a new trial from a judgment and decree of the Probate Court adjudging compensation to him and dismissing his petition because full compensation had been paid to him under the Workmen's Compensation Act, Section 50-901 et seq., T.C.A. The employer and insurance carrier demurred to this bill. The demurrer was overruled and a discre-

tionary appeal allowed to this Court. Briefs have been filed, arguments heard and we now have the matter for disposition.

The bill seeks to obtain a new trial of cause of action which had been tried in the Probate Court of Shelby County wherein the court found that petitioner had sustained a permanent partial disability to his left leg of 65% and was entitled to no other compensation because all weekly payments on the basis of this 65% had been paid.

The bill alleged that the accident occurred on October 28, 1950, and he injured his left knee, sustained the total loss of the use of his leg and became totally disabled; that compensation was paid him for 46 and ¾ weeks for temporary total disability and for 113.75 weeks from September 20, 1951, to November 22, 1953, for permanent partial disability of 65% for loss of use of the leg, together with hospital and medical expenses.

The bill further alleged that on November 20, 1953, he filed a petition in the Probate Court of Shelby County claiming to be entitled to additional compensation; that after a full hearing on March 15, 1954, the petition was dismissed, the court finding as a fact that the injury sustained was a 65% permanent partial disability of the leg and that the compensation had been paid.

He further alleged in this bill that on December 5, 1955, he was taken to a hospital and had an operation on his leg and at this time, that is, December 5, 1955, the diagnosis was that he had a fibro sarcoma at the knee with moderate malignancy; he further alleged that he has an increase in incapacity, that is, disability has been continuous and that he has been continuously and totally

disabled; that the physicians were not negligent and he was not negligent and that they were not guilty of any omission or fault and that his disability was not discovered until the infection finally warranted the operation on December 5, 1955.

He alleged that the judgment of the Probate Court was unjust and unequitable and unconscionable and that he had not been guilty of negligence. He says that there is no fraud or anything of that kind but that he just did not discover his total disability until December 5, 1955, and that within a year from the discovery of this disability the present suit was brought to set aside the judgment of the Probate Court. He then asked that the Chancery Court either hear proof and determine that he was totally and permanently disabled or that the Chancery Court transfer the matter to one of the Circuit Courts for this purpose.

The employer and insurance carrier demurred on numerous grounds. After a full study of the matter we have concluded that the fourth ground of the demurrer should have been sustained. This ground is that under the allegations of the bill and in view of Section 50-1025, T.C.A., there is no ground to open the matter or to grant a new trial and to modify the decree entered by the Probate Court, which decree is sought to here be vacated and opened up by the present suit.

Section 50-1025, T.C.A., in Subsection (b) thereof provides:

"(b) If the parties cannot agree, then at any time after six (6) months from the date of the award an application may be made to the courts by either party, on the ground of increase or decrease of incapacity

due solely to the injury. In such cases the same procedure shall be followed as in sec. 50-1018 in case of disputed claim for compensation."

It must be remembered that the gravamen of the present bill is that the judgment of the Probate Court should be set aside and the cause opened up because since a final hearing in that cause and since the award of compensation made there has been fully and finally paid the employee has discovered that he has an additional disability which grew out of the injury that he had in 1950 and for which the award in the Probate Court was made as hereinabove indicated.

In other words the position of the employee is that under the authority of *Griffitts v. Humphrey,* 199 Tenn. 528; 288 S.W.2d 1, the employee may bring a suit within one year from the date of the discovery of the injury rather than from the date of the accident. Other cases cited in this case are likewise relied on herein. In the Griffitts case, we were construing the terms of the Act as to when the one year statute of limitations started to run. We held that under Section 50-1003, and Section 50-1017, T.C.A., or the then Williams' Code of secs. 6874, 6884, that the one year began to run from the time of the compensability or loss rather than from the time of the accident. We were interested in determining what the word "injury" meant and we found of course that it was from the time of disability rather than from the time of the accident. It is on this reasoning and argument that the employee here seeks to set aside this prior award to be heard now on the proposition that he did not discover his present compensable injury until long after the other award had been settled and was final.

What we had under consideration in the Griffitts case, supra, was entirely different from what we now have. The Legislature in enacting the Workmen's Compensation Law saw fit to enact the Section here under consideration, that is, 50-1025, T.C.A., and particularly Subsection (b) thereof hereinabove quoted. Clearly a literal interpretation of this Section is that if disability is greater than that as found by the court occurs under the terms of the statute happens afterwards then the matter may be reopened and this additional compensation allowed. The converse of that statement last made is true. This has been the interpretation placed on this Section since its enactment. This is the only section which permits a redetermination of the amount adjudicated. *Fidelity & Casualty Co. of New York v. Long,* 181 Tenn. 190, 180 S.W.2d 889.

This Court has likewise repeatedly held that a final judgment in a compensation case is final as in any other case unless the petitioner is seeking to reopen the case and bring himself within the terms of this section. *Hay v. Woolsey,* 175 Tenn. 475, 135 S.W.2d 933, and others.

In *Phillips v. Memphis Furniture Mfg. Co.,* 168 Tenn. 481, 79 S.W.2d 576, this Court held that where a decree approving a compensation settlement for an injured eye stated on the face of the decree that if disability increased that a claim for additional compensation could be filed and then when a claim was filed 8 years after the original decree the Court would award additional compensation. This is the tantamount situation to that in the instant case except for the fact that the decree of the Probate Court which is here sought to be set aside did not adjudge that if additional injury developed that the

cause might be kept open. The matter was finally adjudicated there and proof heard and the court approved a final judgment. A copy of this final judgment is attached to the original bill herein and then there is likewise attached to the original bill a copy of a motion for a new trial. These copies of the bill and the answer and the award of the Probate Court, the motion for new trial therein filed, clearly show that this award and finding was held according to the terms of the Workmen's Compensation Act and is final. *Hedges-Walsh-Weidner Co. v. Haley,* 165 Tenn. 486, 55 S.W.2d 775; *McCaslin v. Heath,* 157 Tenn. 380, 8 S.W.2d 362.

This then obviously brings us to the meaning of the terms as set forth in Section 50-1025, T.C.A., and particularly that portion above quoted. This Court had the question before it in the case of *Nelson v. Cambria Coal Co.,* (1942) 178 Tenn. 389, 158 S.W.2d 717, 160 S.W.2d 412, 165 A.L.R. 1 (immediately following the report in A.L.R. is a very lengthy annotation on questions here determined by the annotators of A.L.R.). This Court in that case held that the,

"question in the instant case was not one of statutory limitations, as in the cases cited, but of judicial jurisdiction. It was held that, while the award in a compensation case was subject to modification under the statute (Code Section 6892) application therefor must be made while the jurisdiction of the Court over the case continues, and that this jurisdiction no longer exists when and after all periodic or other payments provided for in the original award have been made and the judgment has been fully discharged." At page 402 of 178 Tenn., at page 412 of 160 S.W.2d.

The Code Section therein cited of the 1932 Code is the same as Section 50-1025, T.C.A. This interpretation of the meaning of certain words in this section and of the final meaning of the section has never been changed by this Court. Neither has it been changed by the Legislature which body originally enacted and put in force the Workmen's Compensation Law. As we see it our duty is to interpret the language of the Act and since the Act provides for cases of the kind here in question, under this Court's interpretation thereof the present suit cannot be maintained.

This Court in the *Nelson v. Cambria Coal Co.* case, supra, likewise commented on the Phillips opinion, supra, and distinguishes the Cambria case from the Phillips case. This distinction between those two cases is equally applicable in the instant case. Remember that in the Phillips case the decree originally expressly provided that if additional disability occurred the matter might be reopened. The Court then in the Phillips case distinguished that case from this and from the Nelson case in this language:

"The distinctive point is apparent. The thing lacking in that case is supplied here. By the express terms of the decree in the instant case, the jurisdictional right was extended and final disposition was deferred, and this by agreement and consent of the parties." 168 Tenn. 486, 79 S.W.2d 577.

And thus after a very thorough study and full determination we are constrained to hold that this ground of the demurrer herein should have been sustained and the bill dismissed. In view of the fact of the apparent uncertainty of the employee in a situation of

this kind as to whether or not he here had a cause of action, we think that the purposes of the Compensation Act under such a situation is that the employer should bear the costs of a judicial determination. For this reason the demurrer is sustained and the bill dismissed at the cost of the employer and his insurance carrier.