George W. SHADLE, Plaintiff/Appellant,

v.

AMERISURE COMPANIES and Liberty Mutual Insurance Co., Defendants/Appellees.

Supreme Court of Tennessee, At Jackson.

Jan. 30, 1989.

William A. Cohn, Memphis, for plaintiff/appellant.

Jack A. Childers, Jr., Johnson & Bateman, Memphis, for defendants/appellees.

## OPINION

O'BRIEN, Justice.

In this workers' compensation case the employee appeals from the final decree in the trial court adjudicating the extent of his permanent partial disability and his claim for future medical expenses.

On 6 May 1986 plaintiff, George Shadle, was employed by defendant, Amerisure Insurance Companies, as a claims adjuster. On that day while engaged in his employment with the defendant, plaintiff fell when exiting from his automobile and injured his right elbow.

Plaintiff was examined and treated at a hospital emergency room by Dr. E.B. Wilkinson, Jr., an orthopedic surgeon, who testified that x-rays revealed a fracture of the neck of the radius and a fracture of the proximal ulna in plaintiff's right arm. Dr. Wilkinson treated and observed plaintiff over a period of several months. In September 1986 he determined that plaintiff had achieved complete healing of the fracture of the ulna, but non-union, a failure of healing of a chip off of the radial head. Examination revealed a fairly marked limitation of motion of the elbow in that plaintiff could not straighten his elbow out beyond about thirty (30) degrees of flexion. He further testified that with a fracture that involves a joint there is a bleeding within the joint that forms adhesions which effectively limit motion. These adhesions form quickly, are usually quite dense in an elbow and in this case permanently limited motion. He described the healing process as one of gradual ingrowth of vessels, scar tissue that changes the bone, and with healing of the fracture, the chip of the radial head stopped at the scar stage. It was his opinion that plaintiff probably would not need any further surgical procedures unless his condition worsened. In that case he expressed the possibility, but not the probability, that it might be necessary to take out the radial head to remove the bone chip. He explained the necessity for an operation would be caused by progressive traumatic or degenerative arthritis involving the joint between the upper end of the radius and the arm bone itself in the elbow joint. His deposition was taken on 24 November 1987 and he had not examined plaintiff since September of 1986, therefore he did not know if a degenerative process had begun. Plaintiff had enough limitation of motion with adhesions in the elbow joint along with deformity of the upper end of the radius to call it a traumatic arthritis which was a reason for the pain he experienced. In accordance with the AMA guidelines he fixed plaintiff's anatomical disability at eleven percent (11%) permanent partial impairment of his elbow. He noted that the disability evaluation stated in the guidelines did not take into account pain, scarring, deformity of bones, nor any potential future development of traumatic arthritis or other difficulty.

At plaintiff's request, due to a sensation of numbness in the fingers of his right hand, he was examined by a neurologist, Dr. David L. Cunningham, who found his problem to be a congenital anatomical condition and not related in any manner to his on-the-job injury.

Plaintiff complained, at the time of trial, that he still could not completely straighten out his elbow and frequently experienced severe pain. He related that a popping and grinding sound occurred in his elbow whenever he used it in a circular motion or tried to bend it frequently. He described limitations he suffered in endeavoring to engage in his regular employment. He also attributed part of his problem to the fact that he was excessively overweight.

At the conclusion of the hearing in the trial court the Chancellor, after considering

all of the evidence, including plaintiff's demonstration of his physical limitations, fixed his vocational disability at eleven percent (11%) to the right arm. He held there was nothing in the record to indicate it was necessary to include any future medical expenses.

This injury occurred on 6 May 1986. The standard of review is de novo on the record, accompanied by a presumption of the correctness of the trial court's findings unless the preponderance of the evidence is otherwise. T.C.A. § 50–6–225(e).

The first issue for review is whether the preponderance of the evidence supports the trial court's assessment of eleven percent (11%) permanent partial disability to plaintiff's arm. In a workers' compensation case, the claimant has the burden of proving every element of his case by a preponderance of the evidence. *Tindall v. Waring Park Association,* 725 S.W.2d 935, 937 (Tenn.1987). We have searched this record earnestly to find any evidence of vocational disability. Although plaintiff described the physical impairment he has suffered, he also testified that he had five (5) years of college education as well as extensive special training in the insurance industry. He returned to his regular employment just a few days after his injury and had worked regularly since. He had received a salary review and an increase in salary since his injury. His immediate supervisor testified that ninety-five percent (95%) of Mr. Shadle's employment involved office work as opposed to activity in the field. He was doing a good job and his work was satisfactory. There is simply no evidence in this record to enable us to find that the evidence preponderates against the trial court's judgment on the extent of vocational disability.

On the other hand we are of the opinion the evidence preponderates against the trial court's judgment denying the payment of future medical expenses. Dr. Wilkinson's testimony that future medical services may be necessary sufficiently establishes that possibility so as to warrant modifying the decree below in that respect. See *Phillips v. Memphis Furniture Manu-*

*facturing Co.,* 79 S.W.2d 576, 168 Tenn. 481 (1935); *Greenlee v. Care Inn of Jefferson City,* 644 S.W.2d 679 (Tenn.1983).

The trial court judgment fixing plaintiff's permanent partial disability to his arm at eleven percent (11%) is affirmed. So much of the judgment denying future medical expenses is modified to direct defendant to provide such future medical services as plaintiff may be able to show are reasonably required in conjunction with his injury in accordance with the statute. The case is remanded for such further proceedings as may be required. The costs are divided equally between the parties.

HARBISON, C.J., and FONES, COOPER and DROWOTA, JJ., concur.