Mrs. Willie L. Escue, Appellee-Petitioner,

*v.*

Lux Time Division of Robertshaw Controls,
Appellant-Defendant.

472 S.W.2d 228.

(*Nashville,* December Term, 1970.)

Opinion filed August 2, 1971.

VESTER NEAL AGEE, Lebanon, for appellee-petitioner.

SOLON FITZPATRICK, Carthage, for appellant-defendant.

Mr. Chief Justice Dyer delivered the opinion of the Court.

This is a workmen's compensation case wherein Mrs. Willie L. Escue (employee) filed a petition against Lux Time Division of Robertshaw Controls (employer) pursuant to T.C.A. sec. 50-1025, seeking an increase in compensation benefits over and above those previously awarded. The employer appeals from an award of additional benefits.

The original award was for benefits based on temporary total disability ending January 1, 1967, and then an award of weekly benefits of $36.00 for one hundred twenty weeks for permanent partial disability. Under this award the last weekly payment was due April 20, 1969. The petition in the case at bar was filed April 25, 1969, under T.C.A. sec. 50-1025, raising the issue it was filed too late.

■ The original award made in this case was subject to modification under T.C.A. sec. 50-1025, but a petition for modification was required to be filed within the time the weekly payments were being made, since after all

payments were made and the judgment fully discharged, the Court would lack jurisdiction over the case. *Nelson v. Cambria Coal Co.,* 178 Tenn. 389, 160 S.W.2d 412 (1942), and *American Snuff Company v. Helms,* 201 Tenn. 622, 301 S.W.2d 348 (1957). The parties admit such is the law and further admit, as found by the trial judge, this petition to modify the original award was filed five days too late. The issue here is whether the employer, as found by the trial judge, is estopped to raise this issue under the following facts:

The original award was being paid by employer's insurance carrier. The insurance company mailed checks monthly in the amount necessary to compensate employee for four weeks' benefits due to employee's counsel in Lebanon, Wilson County, Tennessee. Counsel, after endorsement, forwarded same to employee in Portland, Sumner County, Tennessee. On or about April 9, 1969, the insurance company forwarded its check no. 3472336, in the amount of $216.00, representing six weeks' benefits due to employee's counsel who, after endorsement, forwarded this check to employee. Employee received check no. 3472336 about the middle of April, 1969, and without endorsement returned same to the insurance company. It is admitted check no. 3472336 represented the final payments due on the original award.

Check no. 3472336 on the line designated ''For'' carried the following entry: ''Compensation: 3-25 to 5-6 (Final Payment.)'' Employee alleged she relied on the dates 3-25 to 5-6 entered by the insurance company and was led to believe by these dates that she was entitled to weekly payments through May 6, 1969. The trial judge so found holding the employer was estopped to raise this issue.

■ We do not think the facts here support the application of the doctrine of estoppel. It is essential to estoppel that the person claiming it was himself not only destitute of knowledge of the facts, but without available means of obtaining such knowledge since there can be no estoppel where both parties have the opportunity and means of ascertaining the truth. *Rambeau v. Farris,* 186 Tenn. 503, 212 S.W.2d 359 (1948). The truth sought here is the date the final payment was due on the original award which when fully paid discharged the judgment and denuded the court of jurisdiction. This date could be easily ascertained by the court records open equally to both parties.

The employee has filed a motion to dismiss this appeal grounded on the fact the employer failed to file a motion for a new trial necessary to perfect the appeal.

Appeals in workmen's compensation cases are controlled by T.C.A. sec. 50-1018, which prior to the enactment of Chapter 311, Public Acts of 1969, required a motion for a new trial in order to perfect an appeal. *Strader v. United Family Life Ins. Co.,* 218 Tenn. 411, 403 S.W.2d 765 (1966). Upon enactment of this 1969 amendment the requirement of a motion for a new trial was abolished. This 1969 amendment was effective May 21, 1969.

Employee filed the petition to increase benefits on April 25, 1969, and the decree of the trial judge was entered on July 16, 1969.

The gist of the argument by employee is that this 1969 amendment does not apply to the case at bar since it was filed prior to the effective date of the amendment. Employer argues the 1969 amendment is remedial or proce-

dural and applies to the case at bar since it was in effect at the time (July, 1969) the case was up for appeal.

We think this 1969 amendment is applicable to the case at bar. This amendment affects only a procedural matter and in no way affects the vested rights of any of the parties. *Dowlen v. Fitch,* 196 Tenn. 206, 264 S.W.2d 824 (1954); *Brandon v. Warmath,* 198 Tenn. 38, 277 S.W. 2d 408 (1955).

The decree allowing additional benefits is reversed. The insurance carrier for the employer has paid into court the balance of the benefits of $216.00 due under the original decree and the cause is remanded for any orders necessary to pay this sum to employee.

CHATTIN, CRESON, HUMPHREYS and McCANLESS, JUSTICES, concur.