**T. O. DAVIS, d/b/a D & R Motors**

v.

**The METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, Tennessee, and Metro Codes Administration and Luther Wright.**

Court of Appeals of Tennessee,
Middle Section, at Nashville.

June 29, 1981.

Abridged Opinion Aug. 8, 1981.

Certiorari Denied by Supreme Court
Aug. 24, 1981.

Permission to Appeal Denied by Supreme
Court Aug. 24, 1981.

William Vest, Hendersonville, for plaintiffs-appellees.

George A. Dean, Nashville, for defendants-appellants.

ABRIDGED

OPINION

TODD, Presiding Judge.

The defendant, Metropolitan Government of Nashville and Davidson County, Tennessee, has appealed from a nonjury judgment in the amount of $11,000 in favor of the plaintiff for damages for alleged negligent enforcement of a zoning ordinance. Another defendant, Luther Wright, was dismissed. The brief of plaintiff states that:

"Plaintiff is appealing the orders of the Trial Court in allowing the Metropolitan Government to amend its answer on trial date and in dismissing suit against Luther Wright."

There is no record that a notice of appeal was sent to Luther Wright by plaintiff or that appeal bond to Luther Wright was ever filed. Luther Wright is therefore not before this Court on this appeal and no relief can be granted against him.

Plaintiff is the owner of D & R Motors, a business located at 475 Crutcher Street in Nashville.

On August 20, 1975, a letter was written to plaintiff by Luther Wright, Zoning Inspector of Metropolitan Government, advising him that his auto junkyard was in violation of zoning law and notifying him to remove all junk automobiles from his premises within ten (10) days.

On April 14, 1976, plaintiff received from defendant, Wright, a citation requiring him to appear before General Sessions Court on April 21, 1976, to answer an accusation of violation of the Metro Zoning Ordinance by stripping, storing and/or parking junk or wrecked automobiles at 475 Crutcher Street, in violation of Metropolitan Zoning Ordinance, Sections 13.61(u) and 42.20 which prohibit a "scrap operation" in the area which is zoned "Industrial Restricted."

On May 19, 1976, Mr. Wright swore out a Metropolitan warrant against plaintiff for zoning violation, which warrant was served and set for trial on June 8, 1976.

On the date of trial, plaintiff was advised by defendant Wright that it would be necessary to move the junk automobiles from the premises in order to comply with the zoning law and obtain dismissal of the charge. This was done, and the prosecution of plaintiff was dismissed on July 6, 1976.

On February 21, 1978, plaintiff became aware of a city zoning map indicating that his premises had been formerly zoned "Industrial B." under which plaintiff's operation would have been lawful and that lawful operation under the former ordinance would entitle plaintiff to continue operating in spite of the new ordinance.

On May 2, 1978, plaintiff notified the Metropolitan Government of his claim for damages.

On September 20, 1978, this suit was filed with the resultant judgment and appeal heretofore stated.

On appeal, the issues presented by appellant are as follows:

1. Whether an action for inverse condemnation lies against the municipal government where the property allegedly condemned is personal, not real property?

2. Whether a municipal government is liable to suit after the expiration of the applicable statute of limitations?

3. Whether any liability attaches to the Metropolitan Government under the provisions of the Tort Liability Act where it wrongfully enforces its Zoning Ordinance, fails to properly issue a zoning permit, or otherwise engages in discretionary activities?

4. Whether the Metropolitan Government was negligent in implementing its Zoning Ordinance?

5. Whether a plaintiff who fails to exhaust his available administrative remedies may collaterally attack the judgment of the municipal officer charged with enforcing the law?

Appellee also presents the following issues:

6. Whether the trial court erred in allowing, over objection, Defendants to amend their answer on the day of trial to plead the affirmative defenses of Statute of Limitations and Absolute Immunity.

7. Whether the trial court erred in dismissing suit as to Defendant Luther Wright.

The Trial Judge based his judgment upon the rights of a property owner under T.C.A. § 29–16–123, which reads in pertinent part as follows:

*Action initiated by owner.*—(a) If, however, such person or company has actually taken possession of such land, occupying it for the purposes of internal improvement, the owner of such land may petition for a jury of inquest, . . . .

It is possible to recover in inverse condemnation for unreasonable restriction of the use of property by enactment of a zoning law. *Bayside Warehouse Company v. Memphis*, 1971, 63 Tenn.App. 268, 470 S.W.2d 375. However, this suit is not based upon such a premise; and it was filed more than one year after the enactment of the zoning ordinance for violation of which plaintiff was cited to court or within one year of the incident out of which this action arises. T.C.A. § 29–16–124 requires such suits to be brought within one year.

The inverse condemnation statute, quoted above, is applicable by its terms to real estate only. There is no allegation or evidence that the defendant Metropolitan Government actually entered upon, took possession of or used any of the real estate of plaintiff. In his brief to this Court, plaintiff states:

. . . plaintiff-appellee respectfully contends that *its* complaint does state a cause of action, although the exact words, inverse condemnation were not used.

. . . .

. . . plaintiff-appellee has never and is not in this appeal complaining of the rezoning of his property from Industrial B to Industrial R . . . . However, his complaint was and is now directed to the enforcement of, or better, the failure to properly enforce the ordinance as it relates to 10 year grandfather clause, which resulted in the taking of plaintiff's property. There is no question that plaintiff-appellee was forced to rid his property at 475 Crutcher Street of 98 "junk vehicles" (TR 43–47) (Ex 5–6). . . . plaintiff was deprived of the beneficial use of his 98 automobiles.

. . . .

. . . Plaintiff-appellee readily acknowledges that T.C.A. 29–16–123 refers to land but contends that an action for inverse condemnation of personal property is provided for in Article One, Section 21 of the Constitution of Tennessee which provides:

"That no man's particular services shall be demanded or property taken with-

out just compensation being made therefor."

It thus clearly appears from plaintiff's brief that his suit is based upon the alleged taking from him of the beneficial use of 98 junk vehicles which he himself sold for junk. This does not ignore the evidence that plaintiff was "using" said vehicles by dismantling them as he sold parts from them from time to time which was probably a more profitable "use" than the sale in gross which he made at the urging of the defendant Wright.

Assuming that plaintiff suffered a loss (of profit) when he sold the vehicles for scrap, the issue in this case is whether the government "took" from him the profit which he lost. There is no evidence that the government did so.

■ When a citizen is cited before a court of law for alleged violation of any law, it is his privilege, nay his duty, to assert his innocence and demand exoneration through a trial. The record shows that plaintiff, represented by counsel, failed to do this. Instead, plaintiff and his counsel chose to follow the advice of Mr. Wright, the inspector, to remove the vehicles from his premises.

■ Mr. Wright, plaintiff and his lawyer were apparently unaware of the combined circumstances of a previous permissive zoning classification and of plaintiff's lawful operation under the previous classification for sufficient time to merit exemption for continued operation under the new prohibitory classification. That is to say, if it be presumed that Mr. Wright knew of the previous permissive classification (there is no evidence that he did), nevertheless, there is no evidence that Mr. Wright knew that plaintiff had operated lawfully under a previous classification. This information was peculiarly within the knowledge of plaintiff, and was a factual defense which plaintiff had the burden to present when charged with violating the new classification. Plaintiff claims ignorance of the old zoning classification. Ordinarily, every citizen is presumed to know the law. Also, every lawyer representing a citizen in a

case has a duty to (and therefore is presumed to) know or ascertain the law of the case. It may be assumed, however, that plaintiff failed to inform his lawyer of the fact, known to plaintiff, that he (plaintiff) had operated his business for a given number of years antedating the present zoning ordinance.

■ Plaintiff is wholly without legal excuse for his action in voluntarily selling his vehicles at a sacrifice in order to avoid the pending prosecution against him. If the judge had ordered plaintiff to dispose of the vehicles, the situation might be different; but this did not occur. Plaintiff has no right of action against the Metropolitan Government simply because he chose to dispose of his vehicles in an effort to avoid a prosecution which he later learned could have been successfully defended.

For this reason, it is unnecessary to consider plaintiff's persuasive argument that there must be a remedy to the owner of personalty taken by the sovereign without due process or just compensation, or the failure of the government to timely plead the statute of limitations or sovereign immunity, or the action of the Trial Judge in granting leave to make such pleas by amendment, estoppel or mutual mistake of fact.

■ Incidentally, ignorance of the law is not a mistake of fact, but of law. Ignorance of the law is no ground to rescind agreements or to set aside the solemn acts of the parties. *State ex rel McCormack v. American Building Loan Assn.*, 177 Tenn. 385, 150 S.W.2d 1048 (1941) and authorities cited therein, especially *Farnsworth v. Dinsmore*, 32 Tenn. (2 Swan) 38 (1852). Plaintiff has no just grounds for rescinding his voluntary decision to sell his vehicles because of his own ignorance of the law.

Plaintiff argues that he has a right of action against Metropolitan Government for error, omission, irresponsibility, or ignorance which produced the loss (of profit) for which he sues. As already stated, such error or ignorance as may be attributed to any employee of the government is equally

attributable to plaintiff. It can hardly be said that any common law tort liability can arise under such circumstances.

Plaintiff argues that the government "breached its duty" to him by failing to ascertain the nature and effect of various zoning laws before issuing an order to him to remove his vehicles from the premises in question. The "order" relied upon by plaintiff is a letter directed to him by Mr. Wright on August 20, 1975.

This letter did not result in the removal of the vehicles. On May 9, 1976, Mr. Wright swore out a Metropolitan warrant charging violation of Ordinance 73–650, Section 42:10; the cause was set for trial on June 8, 1976, and continued until July 6, 1976; between June 8 and July 6, the vehicles were removed; and on July 6, the charge was dismissed. The record of the case in Metropolitan Court bears the name of counsel for the plaintiff.

This Court does not conceive of a letter notifying plaintiff to conform to a valid zoning regulation, or a charge and prosecution of plaintiff of violating a zoning regulation, or even the oral representation that "you will have to remove those junk cars if you want this case dismissed" as constituting a legal ground for suit against the government for negligence of its employees.

Moreover, the Tennessee Governmental Tort Liability Act, T.C.A. § 29–20–205(3) provides *removal of immunity* from all actions for negligence of governmental employees *except* where the injury—

(3) arises out of the issuance, denial, suspension or revocation of, or by the failure or refusal to issue, deny, suspend or revoke, any permit, license, certificate, approval, order or similar authorization...

(5) arises out of the institution or prosecution of *any* judicial or *administrative* proceedings, even if malicious or without probable cause...

Plaintiff was actually in violation of the zoning ordinance in effect at the time of Mr. Wright's letter and of the prosecution in Metropolitan Court, but that he was the beneficiary of an exception to the new zoning law based upon facts best known to plaintiff. It was the duty and burden of plaintiff to bring such facts to the attention of Mr. Wright when he received Mr. Wright's letter and to present such facts to the court when he was prosecuted. It was not the duty of Mr. Wright or the Metropolitan Government to establish that plaintiff *had not* conducted his business lawfully under the *previous* law. Rather, it was the duty of plaintiff to show this in his own defense.

It is not shown that plaintiff sought and obtained any "use and occupancy permit" under the old zoning law, hence the government would have had no occasion to have any record of or to "know" that plaintiff was operating his business under the old law.

Reversed, dismissed and remanded.

LEWIS and CANTRELL, JJ., concur.