**Charles S. SEXTON, Judge of the Trial Justice Court of Sevier County, Tennessee, Plaintiff–Appellee,**

v.

**SEVIER COUNTY, Tennessee, Defendant–Appellant.**

Court of Appeals of Tennessee, Eastern Section.

Jan. 31, 1997.

Application for Permission to Appeal Denied by Supreme Court June 30, 1997.

T.E. Forgety, Jr., Rainwater, Forgety & Jones, Dandridge, for Defendant–Appellant.

Richard T. Wallace, Ogle & Wallace, P.C., Sevierville, for Plaintiff–Appellee.

## OPINION

SUSANO, Judge.

This is a suit by a judge—whose judgeship was created by a private act—seeking salary supplements provided by general law. Charles S. Sexton, Judge of the Sevier County Trial Justice Court, sued Sevier County (County) claiming that he is entitled to supplements as additional compensation for his juvenile and probate jurisdiction. While conceding that the Sevier County Trial Justice Court and the salary for that court were established by private act,[1] Judge Sexton nevertheless contends that the County is required to pay him in accordance with T.C.A. § 16–15–5001, *et seq.*, and T.C.A. § 16–15–

---

1. The initial legislation was Chapter 34, Private    Acts of 1973.

205,[2] statutes addressing the compensation of general sessions court judges. He points out that the County paid his predecessor the sought-after supplements as if the latter was covered by the general law. Judge Sexton seeks equal treatment.

Each of the parties moved for summary judgment. The Honorable Richard E. Ladd, Chancellor, sitting by interchange, ruled that although the Trial Justice Court was not a general sessions court, the County had treated it as one by paying its judges pursuant to the general law applicable to general sessions courts rather than in accordance with the private act, as amended, and that it was therefore estopped to deny Judge Sexton's entitlement to the supplemental income. The trial judge granted Judge Sexton's motion for summary judgment and awarded him $51,606, which, according to the court's judgment, is the total of the "salary supplements sought for the years 1990–1991 through 1994–1995." He denied the County's motion. Sevier County appealed, raising the following question for our review:

> Should the doctrine of estoppel be applied so as to require Sevier County to pay the judge of the Trial Justice Court certain salary supplements which have never been paid or promised to him, and which are not authorized in the private act which created the court and set the judge's compensation?

Judge Sexton raises the following additional issue:

> Is the plaintiff entitled to pre-judgment interest on the trial court's award?

## I

■ We measure the propriety of the trial court's grant of summary judgment against the standard of Rule 56.03, Tenn.R.Civ.P., which provides that summary judgment is appropriate where

> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any materi-

al fact and that the moving party is entitled to a judgment as a matter of law.

In this case, the material facts are not in dispute. Since our review only involves a question of law, no presumption of correctness attaches to the trial court's findings. *Gonzales v. Alman Construction Co.*, 857 S.W.2d 42, 44 (Tenn.App.1993).

## II

As previously indicated, the Sevier County Trial Justice Court was established by Chapter 34 of the Private Acts of 1973 ("the Private Act"). The Private Act also set the base compensation for the judge of that court. The salary has been increased by later amendments. *See* Chapter 65, Private Acts of 1979; Chapter 121, Private Acts of 1983. The Private Act expressly endowed that court with probate jurisdiction, while the 1979 amendment to that act expressly granted it juvenile jurisdiction, effective September 1, 1982. *See* Chapter 34, § 2, Private Acts of 1973; Chapter 65, § 3, Private Acts of 1979. Significantly, none of the legislation that is expressly applicable to the Trial Justice Court calls for salary supplements for the court's juvenile and probate jurisdiction.

A year after the Trial Justice Court began exercising juvenile jurisdiction, an amendment to the Private Act set the judge's base salary at $34,000 a year, "to be adjusted annually to reflect a percentage increase the same as provided other elected officials ..." Chapter 121, § 1, Private Acts of 1983. This amendment made no provision for salary supplements for the court's juvenile and probate jurisdiction, and there have been no further amendments pertaining to compensation since then.

Judge Sexton took office on September 1, 1990, following his election in August. The County has never paid him the supplements for juvenile and probate jurisdiction provided for by the statutes pertaining to general sessions courts; however, it is undisputed that Judge Sexton's predecessor was paid the jurisdictional supplements that would be due

---

**2.** T.C.A. § 16–15–205 was repealed by Chapter 241, § 3 of the Public Acts of 1993, effective July 1, 1993; however, such repeal cannot operate to change a judge's compensation during his or her term. *See* Tenn. Const., Art. VI, § 7.

a judge who falls within the general law applicable to general sessions court judges.

It does not appear from the record and briefs that Judge Sexton contends that his salary is governed by the *literal* language of the general law applicable to general sessions courts. Such a position would be untenable, for it is clear that these statutes do not apply to Sevier County, due to a population-based exclusion contained in subsection (b) of § 16–15–101,[3] which exclusion pertains to the whole of Chapter 15 of Title 16. In addition, the Private Act, as amended, sets the salary of the judge of the Trial Justice Court. Had the Legislature intended that the judge of that court be paid according to the general sessions court schedule, that body could have so provided in the Private Act or in one of the later amendments. It did not do so.

Apparently recognizing that a literal reading of the general law does not favor his recovery in this case, Judge Sexton instead bases his entitlement argument on the theory of estoppel. Specifically, he contends that because Sevier County paid his predecessor the base salary and applicable supplements for general sessions court judges as established by T.C.A. § 16–15–5003, and then paid Judge Sexton an amount corresponding to the base salary of a general sessions court judge,[4] the County is estopped to deny his entitlement to the supplemental income for juvenile and probate jurisdiction. The trial court accepted Judge Sexton's estoppel argument and granted summary judgment, stating that

> it is one of those rare instances of estoppel applying to [a] governmental entity in that Sevier County took the affirmative action of paying different than the Private Act,

3. T.C.A. § 16–15–101(b) provides as follows:
   The provisions of this chapter do not apply to counties of the state having population of not less than twenty-three thousand three hundred fifty (23,350) nor more than twenty-three thousand three hundred eighty (23,380) according to the federal census of 1950 or any subsequent federal census.
   According to the federal census of 1950, the population of Sevier County was 23,375, thus bringing it within the above exclusion.

4. The record does not reflect why Judge Sexton was paid a base salary equal to the base pay under the general sessions court salary scheme

beginning in 1984; that this was known to the candidates that ran for office; that they gave up private practice or whatever to attempt to get the jobs that Sexton did to take the office here. By that time they would have known that prior to the election that it would be a Class 1 County; that Sevier County, beginning in 1990, started paying as a Class 1 County under General Sessions law and has continued to do so up to now, and I have no authority to modify the income Judge Sexton is paid by the County. It has either got to be what the General Sessions Judge gets or what the Private Act provides, and I think there is no controversy here, that if he [is] paid as a quote "General Sessions Judge," he is entitled to the supplements that he sought in this lawsuit. . . .

After refusing to award pre-judgment interest, the trial court entered judgment in favor of Judge Sexton in the amount of $51,606, and Sevier County appealed.

### III

▆▆▆▆ Generally speaking, the doctrine of estoppel is not favored under our law. *See, e.g., ACG, Inc. v. Southeast Elevator, Inc.,* 912 S.W.2d 163, 170 (Tenn.App.1995); *Robinson v. Tennessee Farmers Mut. Ins. Co.,* 857 S.W.2d 559, 563 (Tenn.App.1993). Although the doctrine may be invoked against a county, *Greene County v. Tennessee Eastern Electric Co.,* 40 F.2d 184, 186 (6th Cir.1930), "very exceptional circumstances are required to invoke the doctrine against the State and its governmental subdivisions." *Paduch v. City of Johnson City,* 896 S.W.2d 767, 772 (Tenn.1995). *See also Elizabethton Hous. And Dev. Agency v. Price,* 844 S.W.2d 614, 618 (Tenn.App.1992).

rather than that called for in the Private Act; however, this question has not been raised as an issue on this appeal. For this reason, we do not address the propriety of such payments. Assuming, solely for the purpose of argument, that Judge Sexton was improperly paid a base salary in excess of that called for in the Private Act, such a payment cannot be used to justify a further payment in excess of the mandate of the Legislature. *See Franks v. State,* 772 S.W.2d 428, 430 (Tenn.1989). ("The law ascertaining the amount of compensation must be enacted by the legislature, the only law-making power.")

■ In order to invoke the doctrine of equitable estoppel, a party must show the following:

(1) his or her lack of knowledge and of the means of knowledge of the truth as to the facts in question;

(2) his or her reliance upon the conduct of the party who is estopped; and

(3) action by the invoking party based thereon of such a character as to change that party's position prejudicially.

*See, e.g., ACG,* 912 S.W.2d at 170; *Robinson,* 857 S.W.2d at 563; and *Gitter v. Tennessee Farmers Mut. Ins. Co.,* 60 Tenn.App. 698, 450 S.W.2d 780, 783 (1969). It is the burden of the party claiming estoppel to prove each of the above elements. *ACG,* 912 S.W.2d at 170; *Robinson,* 857 S.W.2d at 563; and *Bokor v. Holder,* 722 S.W.2d 676, 680 (Tenn. App.1986).

### IV

■ As a threshold matter, we have concluded that Judge Sexton's case does not satisfy the first requirement—lack of knowledge and of the means of obtaining knowledge of the truth—for the application of the doctrine of estoppel against Sevier County. As stated by the Supreme Court,

[i]t is essential to estoppel that the person claiming it was himself not only destitute of knowledge of the facts, but without available means of obtaining such knowledge; for there can be no estoppel where both parties have the same means of ascertaining the truth.

*Rambeau v. Farris,* 186 Tenn. 503, 212 S.W.2d 359, 361 (1948). *See also City of Lebanon v. Baird,* 756 S.W.2d 236, 244 (Tenn.1988); *Escue v. Lux Time Division of Robertshaw Controls,* 225 Tenn. 533, 472 S.W.2d 228, 229 (1971); and *W.C. Early Co. v. Williams,* 135 Tenn. 249, 186 S.W. 102, 105 (Tenn.1916). Like everyone else, Judge Sexton is charged with knowledge of the law. *Davis v. Metropolitan Gov't of Nashville and Davidson County,* 620 S.W.2d 532, 535 (Tenn.App.1981). This is especially true in his case, given the fact that he is a judge. Under the circumstances of this case, it is clear that even if Judge Sexton did not have actual knowledge of the correct salary for his position, he certainly possessed the means of ascertaining that information. The Private Act creating the Trial Justice Court, and its amendments, as well as Chapter 15 of Title 16 of the Code, with its exclusion as to Sevier County, were readily available to him. *See City of Lebanon,* 756 S.W.2d at 244 ("The contents of a city charter are public and readily available to all who deal with a city."). *See also Escue,* 472 S.W.2d at 229. Therefore, Judge Sexton cannot rely upon the county's payments to his predecessor, or that entity's payments to Judge Sexton in excess of the salary provided for in the Private Act, to claim that the county is estopped to deny his entitlement to the salary supplements. Since he is presumed to know the salary provided by the Private Act and is presumed to know that Sevier County is excluded from the operation of the general law pertaining to general sessions courts, he "knew" that he was not entitled to the supplements under that general law. He cannot rely on the doctrine of estoppel.

■ We therefore find and hold that the trial court erred in granting summary judgment to Judge Sexton. Our decision is further bolstered by the principle that "[e]stoppel is available to protect a right but not to create one." *Franklin v. St. Paul Fire & Marine Ins. Co.,* 534 S.W.2d 661, 666 (Tenn. App.1975). As applied to this case, the principle means that even if Judge Sexton could rely upon the doctrine of estoppel, he could not invoke it offensively to create a right to compensation not granted by the Legislature, the only public body with the power to set a judge's compensation. *Franks,* 772 S.W.2d at 430.

The judgment of the trial court is reversed. Sevier County is hereby granted summary judgment and it results that the original complaint is dismissed with costs on appeal being taxed to the appellee. Costs below are also taxed to the appellee, and this case is remanded to the trial court for collection of these latter costs.

GODDARD, P.J., and McMURRAY, J., concur.