# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### DECEMBER SESSION, 1998

FILED

March 17, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 03C01-9802-CC-00079** |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | **ANDERSON COUNTY** |
| **VS.** | ) | |
| | ) | **HON. JAMES B. SCOTT, JR.** |
| **ROY L. HOWARD,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | **(Direct Appeal - Motor Vehicle** |
| | ) | **Habitual Offender)** |

FOR THE APPELLANT:

CHRISTOPHER VAN RIPER
Stuart & Van Riper
300 Market Street, Suite 200
Clinton, TN 37716

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

ELLEN H. POLLACK
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

JAMES N. RAMSEY
District Attorney General

JAN HICKS
Assistant District Attorney
Room 127, Anderson Co. Courthouse
Clinton, TN 37716

OPINION FILED _____

REVERSED AND REMANDED

JERRY L. SMITH, JUDGE

# **OPINION**

On May 2, 1997, the State filed a petition in the Anderson County Criminal Court in which it sought to have Appellee Roy L. Howard declared a motor vehicle habitual offender pursuant to Tennessee Code Annotated sections 55-10-601, et seq. The trial court conducted a hearing on the petition on November 7, 1997, and the court subsequently denied the petition by an order dated February 11, 1998. The State challenges the trial court's denial of its petition. After a review of the record, we must reverse the judgment of the trial court.

## **FACTS**

On January 1 and January 8, 1996, Appellee was cited for driving on a suspended license. On January 9, 1996, Appellee pled guilty to both of these offenses. Appellee was also cited for driving on a suspended license on August 25, 1996, and he pled guilty to that offense on November 26, 1996.

On May 2, 1997, the State filed its petition to have Appellee declared a motor vehicle habitual offender. On October 10, 1997, while the petition was still pending before the trial court, the Tennessee Department of Safety apparently accepted monetary fees from Appellee and reinstated his driving privileges.

On November 7, 1997, the trial court conducted a hearing on the State's petition. The trial court denied the petition by an order dated February 11, 1998. Although the trial court's order contains no findings and no explanation of why the

petition was denied, the transcript of the hearing indicates that the trial court denied the petition because the Department of Safety had reinstated Appellee's driving privileges after he paid a fee.

The State filed a notice of appeal on February 23, 1998. On March 10, 1998, Appellee filed a motion in which he asked the trial court to amend the judgment and make additional findings of fact. On April 3, 1998, the trial court denied Appellee's motion after it concluded that because the State had already filed notice of appeal, the trial court had no jurisdiction to amend the judgment or make additional findings of fact.[1]

**ANALYSIS**

The State contends that the trial court erred when it dismissed the State's petition merely because the Department of Safety accepted fees from Appellee and reinstated his driving privileges. We agree.

Under Tennessee Code Annotated section 55-10-603, a motor vehicle habitual offender is:

> Any person who, during a three-year period, is convicted in a Tennessee court or courts of three (3) or more of the following offenses; any person who, during a five-year period, is convicted in a Tennessee court or courts of three (3) or more of the following offenses; or any person who, during

---

[1]Appellee contends that the trial court erred when it determined that it did not have jurisdiction to consider his motion. We conclude that the trial court was correct. The jurisdiction of this Court attaches upon the filing of a notice of appeal and, thus, the trial court loses jurisdiction. See State v. Pendergrass, 937 S.W.2d 834, 837 (Tenn. 1996). Therefore, "[a]s a general rule, the trial court may not hear motions filed subsequently to the filing of the notice of appeal." State v. Tony Craig Woods, No. 01C01-9606-CR-00238, 1997 WL 602865, at *2 (Tenn. Crim. App., Nashville, Sept. 30, 1997). In addition, the findings that Appellee asked the trial court to make, such as an express finding that the Department of Safety reinstated Appellee's driving privileges after Appellee paid fee, would have had no impact on the decision in this case.

> a ten-year period, is convicted in a Tennessee court or courts of five (5) or more of the following offenses; provided, that if the five- or ten-year period is used, one (1) of such offenses occurred after July 1, 1991:
>
> . . . .
>
> > (x) A violation of § 55-50-504, relative to driving on canceled, suspended, or revoked license . . . .

Tenn. Code Ann. § 55-10-603(2)(A) (1998). In addition, section 55-10-613 provides that "if the court finds that [the] defendant is an habitual offender, the court shall make an order directing that such person shall not operate a motor vehicle on the highways of this state and that such person shall surrender to the court all licenses to operate a motor vehicle upon the highways of this state." Tenn. Crim. App. § 55-10-613(a) (1998). The period during which a motor vehicle habitual offender is prohibited from obtaining another driver's license must be at least three years. Tenn. Code Ann. § 55-10-615 (1998).

It is evident that under section 55-10-603, the sole criteria to be used by a trial court in determining whether a defendant is a motor vehicle habitual offender is whether or not the defendant has been convicted of the required number of specified offenses during the prescribed time period. The actions of the Department of Safety are completely irrelevant to this determination. See State v. Loden, 920 S.W.2d 261, 264 (Tenn. Crim. App. 1995) ("A statute giving a judge the right to prohibit certain individuals from driving motor vehicles for certain periods is not related to nor dependent upon sections giving the Department of Safety the power to grant, revoke, or suspend licenses.").

Appellee contends that because the Department of Safety accepted money from him and reinstated his driving privileges, the State should be estopped from seeking revocation of his license under the Motor Vehicle Habitual Offender Act.

"Generally speaking, the doctrine of estoppel is not favored under our law." Sexton v. Sevier County, 948 S.W.2d 747, 750 (Tenn. Ct. App. 1997) (citations omitted). In fact, "very exceptional circumstances are required to invoke the doctrine against the State and its governmental subdivisions." Id. (citations omitted). Further, "[e]stoppel is appropriate against government agencies only when the agency induced the party to give up property or a right in exchange for a promise." Elizabethton Hous. & Dev. Agency, Inc. v. Price, 844 S.W.2d 614, 618 (Tenn. Ct. App. 1992) (citations omitted). There is no proof in the record that the State induced Appellee to do anything. There is absolutely no proof in the record that the Department of Safety ever promised Appellee that if he paid a fee, his driving privileges would be permanently restored. Further, Appellee did not give any money to the Department of Safety until after he knew that the State had filed the petition to have him declared a motor vehicle habitual offender. Under these circumstances, the doctrine of estoppel has no application to this case.

Appellee also contends that this Court should dismiss this case because the issue of declaring him to be a motor vehicle habitual offender became moot after the Department of Safety restored his driving privileges. The concept of mootness deals with the circumstances that render a case no longer justiciable. McIntyre v. Traughber, 884 S.W.2d 134, 137 (Tenn. Ct. App. 1994). A moot case is one that has lost its character as a present, live controversy. Id. A case will generally be considered moot if it no longer serves as a means to provide relief to the prevailing party. Id. As previously stated, the actions of the Department of Safety are completely irrelevant to the question of whether Appellee should be declared a motor vehicle habitual offender. Thus, it is obvious that this case

involves a live controversy that can serve as a means to provide relief to the State. In short, this case is not moot.

In conclusion, we hold that the trial court erred when it dismissed the State's petition merely because the Department of Safety accepted money from Appellee and reinstated his driving privileges. Accordingly, we reverse the judgment of the trial court and we remand this case for further proceedings consistent with this opinion.

_____
JERRY L. SMITH, JUDGE

CONCUR:

_____
DAVID G. HAYES, JUDGE

_____
JAMES CURWOOD WITT, JR. JUDGE