**David CHALMERS, Plaintiff,**

v.

**David CLEMONS, Individually and in his official capacity; and City of Memphis, Defendants.**

**No. 04–2694–DP.**

United States District Court,
W.D. Tennessee,
Western Division.

Feb. 15, 2005.

Jimmy Moore, Circuit Court, 30th Judicial District Shelby County Courthouse Memphis, TN, pro se.

David A. McLaughlin, Cochran Cherry Givens Smith & Bolton, Memphis, TN, for Plaintiff.

Henry L. Klein, Apperson Crump & Maxwell, PLC, Memphis, TN, for Defendant.

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT CITY OF MEMPHIS' MOTION TO DISMISS**

DONALD, District Judge.

This matter is before the Court on the motion of Defendant City of Memphis ("Defendant") to dismiss the complaint of Plaintiff, David Chalmers ("Plaintiff"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The complaint, brought *inter alia* pursuant to the Tennes-

see Governmental Tort Liability Act ("GTLA") and 42 U.S.C. § 1983, alleges violations of Plaintiffs' rights under the Fourth Amendment to the United States Constitution, as well as battery, false imprisonment, and outrageous conduct. As to this Defendant, Plaintiff asserts claims for battery and false imprisonment only. The Court has jurisdiction pursuant to 28 U.S.C. § 1331. For the following reasons, the Court grants in part and denies in part Defendant's motion to dismiss.

**I. Factual Background[1]**

The following facts are presumed to be true for purposes of the instant motion only. On or about August 27, 2003, Defendant, Police Officer David Clemons ("Clemons"), stopped his patrol car next to Plaintiff, who was walking down the street. Clemons, who was wearing a badge and weapon, told Plaintiff that he was in search of a 16–year–old runaway and instructed Plaintiff to produce his drivers license and to get into the back seat of the patrol car. Plaintiff complied with both instructions. Clemons drove Plaintiff behind a car wash and instructed Plaintiff to hold his shirt up, pull down his pants, and raise his genitals, allegedly to check for weapons or contraband. Clemons directed Plaintiff to repeat this process numerous times. Before releasing Plaintiff from the vehicle, Clemons put his hands down Plaintiff's pants and fondled Plaintiff's genitals.

On August 13, 2004, Plaintiff brought an action in the Shelby County Circuit Court. Defendant removed the case to federal court on September 3, 2004. On September 27, 2004, Defendant filed the instant motion to dismiss, asserting that Plaintiff has not stated a claim on which relief can be granted and that the complaint fails to state a cause of action for battery and false

1. The factual allegations are taken from Plaintiff's amended complaint.

imprisonment as to this Defendant. Because Plaintiff did not timely respond to the motion to dismiss, the Court issued an Order to Show Cause. Plaintiff never responded to the show cause order. Accordingly, Defendant's motion to dismiss will be decided based on the record.

## II. Legal Standard

A party may bring a motion to dismiss for failure to state a claim under Rule 12(b)(6). This motion only tests whether the plaintiff has pleaded a cognizable claim. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988). Essentially, it allows the court to dismiss meritless cases which would otherwise waste judicial resources and result in unnecessary discovery. *See, e.g., Neitzke v. Williams,* 490 U.S. 319, 326–27, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

The Supreme Court has held that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also Neitzke,* 490 U.S. at 326–27, 109 S.Ct. 1827; *Lewis v. ACB Bus. Serv., Inc.,* 135 F.3d 389, 405 (6th Cir.1997). Thus, the standard to be applied when evaluating a motion to dismiss for failure to state a claim is very liberal in favor of the party opposing the motion. *Westlake v. Lucas,* 537 F.2d 857, 858 (6th Cir.1976). Thus, even if the plaintiff's chances of success are remote or unlikely, a motion to dismiss should be denied.

To determine whether a motion to dismiss should be granted, the court must first examine the complaint. The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P.

8(a). The complaint must provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley,* 355 U.S. at 47, 78 S.Ct. 99; *Westlake,* 537 F.2d at 858. The plaintiff, however, has an obligation to allege the essential material facts of the case. *Scheid,* 859 F.2d at 436–37.

In reviewing the complaint, the court must accept as true all factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Windsor v. The Tennessean,* 719 F.2d 155, 158 (6th Cir.1983). Indeed, the facts as alleged by the plaintiff cannot be disbelieved by the court. *Neitzke,* 490 U.S. at 327, 109 S.Ct. 1827; *Murphy v. Sofamor Danek Group, Inc.,* 123 F.3d 394, 400 (6th Cir.1997). Where there are conflicting interpretations of the facts, they must be construed in the plaintiff's favor. *Sinay v. Lamson & Sessions Co.,* 948 F.2d 1037, 1039–40 (6th Cir.1991). However, legal conclusions or unwarranted factual inferences should not be accepted as true. *Lewis,* 135 F.3d at 405–06.

## III. ANALYSIS

 Defendant first argues that Plaintiff's pleadings were insufficient under the GTLA, which requires full compliance with notice requirements. Specifically, Defendant asserts that Plaintiff failed to affirmatively plead Defendant's waiver of immunity. In support of its argument that the complaint is deficient, Defendant cites *Alexander v. Beale Street Blues Co., Inc.,* 108 F.Supp.2d 934, 948 (W.D.Tenn. 1999). *Alexander* held that under the GTLA, a plaintiff must plead the City's waiver of immunity. Generally, immunity is a defense to liability, not an element of the plaintiff's *prima facie* case, so the plaintiff need not overcome the defense in the complaint. *See Gomez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980). Immunity under the GTLA is

an affirmative defense. *See, e.g., Hale v. Randolph,* 2004 WL 1854179, *12 (E.D.Tenn.,2004); *City of Lavergne v. Southern Silver, Inc.,* 872 S.W.2d 687, 689 (Tenn.Ct.App.1993); *Moses v. Erlanger Med. Ctr.,* 1995 WL 610243, * 2 (Tenn.Ct. App.,1995); *Davis v. Metro. Gov't of Nashville and Davidson Co.,* 620 S.W.2d 532, 535 (Tenn.Ct.App., 1981). Although there is some difference of opinion as to when a defendant must plead immunity under the GTLA, a plaintiff is not required to plead waiver of immunity in the complaint. The Court finds, therefore, that Plaintiff was not required to plead the City's waiver of immunity in the complaint in order to comply with the notice requirements of the GTLA.

Defendant further asserts that Plaintiff's claim of battery should be dismissed because Plaintiff failed to plead that the battery committed by Clemons was reasonably foreseeable by the City.

As the Defendant notes, Tennessee courts have held that a municipality is not immune from liability for battery committed by its employees. *See Limbaugh v. Coffee Med. Ctr.,* 59 S.W.3d 73 (holding that because battery was not delineated in the GTLA's list of intentional torts, it was not an exception to the removal of a municipality's liability). Thus, the City is not protected from liability for battery by the GTLA.

 An action against the City under the GTLA, however, must be an action for negligence. *Id.* at 82. The Plaintiff, therefore, is obligated to plead facts that could establish the elements of negligence. *Hale* 2004 WL 1854179 at *16 (holding that "[f]or [the plaintiff] to prevail on his claim seeking to hold the City liable for intentional torts … [the plaintiff] is required to prove that an independent act of negligence by the City or a City employee proximately caused the intentional torts that resulted in [the plaintiff's] injuries.")

In the instant case, Plaintiff offered no allegations that the City should have been expected to foresee Clemons' actions. Thus, Plaintiff has not alleged that the City was negligent in hiring, training, retaining, supervising, or disciplining Clemons. Furthermore, when Defendant asserted this argument in its motion to dismiss, Plaintiff failed to respond. Therefore, the Court finds that Plaintiff has not sufficiently pled a cause of action for battery against the City. Accordingly, the Court grants Defendant's motion to dismiss as to Plaintiff's battery claim.

██ Defendant next argues that the GTLA provides immunity to the City for Plaintiff's claim of false imprisonment. The GTLA provides in pertinent part that,

Immunity from suit of all governmental entities is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment except if the injury arises out of:

. . . . .

(2) false imprisonment *pursuant to a mittimus from a court,* false arrest, malicious prosecution, intentional trespass, abuse of process, libel, slander, deceit, interference with contract rights, infliction of mental anguish, invasion of right of privacy, or civil rights;

Tenn.Code Ann. § 29–20–205 (emphasis added). The GTLA specifies that the City retains immunity solely from suit for injuries arising out of false imprisonment pursuant to a mittimus from a court. "The City does not retain sovereign immunity under § 29–20–205(2)[for] injuries arising out of any and all false imprisonments. There is only immunity from suit for injuries arising out of false imprisonment pursuant to a mittimus from a court." *Hale,* 2004 WL 1854179 at *16.

In the instant case, Defendant does not allege that Plaintiff was imprisoned pursu-

ant to a mittimus from a court. Therefore, Defendant's immunity is removed for Plaintiff's claim of false imprisonment. Accordingly, the Court denies Defendant's motion to dismiss Plaintiff's false imprisonment claim.

## IV. CONCLUSION

For the aforementioned reasons, the Court **GRANTS** Defendant's motion to dismiss as to Plaintiff's claim of battery and **DENIES** Defendant's motion to dismiss as to Plaintiff's false imprisonment claim.

**IT IS SO ORDERED** this day of February, 2005.