IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs May 1, 2012

**KIMBERLY HOLLIDAY v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Madison County**
**No. 00398     Roy B. Morgan, Jr., Judge**

**No. W2011-01908-CCA-R3-CO  - Filed December 4, 2012**

The Petitioner, Kimberly Holliday, appeals from the Madison County Circuit Court's denial of her petition for coram nobis relief.  In 2000, the Petitioner entered a "best interest" guilty plea to theft of services and issuing a false financial statement and received an effective four-year-suspended sentence.  Over ten years later, in 2011, she filed a petition for writ of error coram nobis alleging that failure to report earnings to a public housing authority does not constitute "theft of services" based on State v. Marshall, 319 S.W.3d 558 (Tenn. 2010).  In this appeal, the Petitioner contends that the trial court erred in dismissing the petition because (1) "a person cannot be guilty of something that is not a crime;" (2) "due process requires tolling of the statute of limitations;" (3) "this case is timely filed as a petition for post-conviction relief;" and (4) "a best interest plea rather than a voluntary admission of guilt preserves the appellant's right to bring a petition for writ of error coram nobis."  Upon review, we affirm dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and D. KELLY THOMAS, JR., JJ., joined.

J. Jeffrey Lee, Memphis, Tennessee, for the Petitioner, Kimberly Holliday.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Senior Counsel; James G. (Jerry) Woodall, District Attorney General; and Alfred L. Earls, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

The record shows that the Petitioner "misstated her income for the sake of getting a lower rent."  She was indicted for theft of property and issuing a false financial statement to

the Jackson Housing Authority (JHA) from September 1, 1998 through December 31, 1998, based upon her failure to report all of her income as required.  In 2000, she entered a "best interest" guilty plea to each offense and was sentenced as a Range I, standard offender to concurrent sentences of four years and six months, respectively, to be served on probation.  For the theft of services offense, she was ordered to pay $5,085.50 through the United States Bankruptcy Court and to contribute one hundred hours of unpaid community service work.  The Petitioner did not file a direct appeal or post-conviction petition.  She was released from probation on November 23, 2004, and had paid all of her fees and restitution.

Almost ten and one-half years after entering her guilty pleas, the Petitioner filed a petition for writ of error coram nobis in the Madison County Circuit Court seeking to vacate her conviction for theft of services.[1]  Her petition asserts that because State v. Marshall, 319 S.W.3d 558 (Tenn. 2010), held that "services" under Tennessee Code Annotated Section 39-11-106(35) does not include a leasehold interest, her "failure to report earnings to the housing authority does not support a conviction under Tenn. Code Ann. § 39-14-104."

At the hearing on her petition for writ of error coram nobis, counsel for the Petitioner presented "just this new case," State v. Marshall, 319 S.W.3d 558 (Tenn. 2010), and asserted her case was "unique because much of the issues that we'd like to argue are issues of law[.]"  The Petitioner testified that she rented public housing but "didn't steal anything."  She acknowledged that JHA was the victim listed on her indictment, and the parties stipulated that the Petitioner's "case is very similar to the [Marshall] case."  319 S.W.3d 558.  The Petitioner's counsel reported that because of the instant felony conviction, the Petitioner had to move out of state to find work.  Recently, he said, she had begun working in Tennessee through a job transfer.

The State asserted that the Petitioner could have presented her arguments at trial, but having entered a "best interest" plea, she waived that opportunity.  Secondly, Marshall was not new case law but rather was "based upon a principle of statutory interpretation" which has been recognized in Tennessee for over a century.  Finally, the Petitioner's claim was barred by the statute of limitations.

The coram nobis court found that the statute of limitations expired one year from the 2000 judgment but that due process warranted tolling the statute of limitations until this Court's decision in State v. Monica Butler was entered in 2008.  M2007-02718-CCA-R3-CO, 2008 WL 4170283 (Tenn. Crim. App. Sept. 20, 2008), aff'd sub nom. Marshall, 319 S.W.3d 558 (Tenn. Sept. 3, 2010).  Because the Petitioner did not file her petition for writ of error coram nobis until 2011, her petition still was barred by the statute of limitations.

---

[1]The petition does not address the conviction for issuing false financial information.

Refusing to toll the statute of limitations until the Tennessee Supreme Court's Marshall decision was rendered in 2010, the coram nobis court opined: "I just cannot buy the theory, even though it might be David Raybin's interpretation, that you keep getting renewed shots at this over and over based upon rulings that are based on prior law. That's my whole problem when it gets down to analyzing it in defense's favor."

## ANALYSIS

On appeal the Petitioner argues that (1) "a person cannot be guilty of something that is not a crime;" (2) "due process requires tolling of the statue of limitations when the Tennessee Supreme Court holds that behavior consistent with the [Petitioner's] is not a crime;" (3) "this case is timely filed as a petition for post-conviction" relief; and (4) "a best interest plea rather than a voluntary admission of guilt preserves [the Petitioner's] right to bring a Petition for Writ of Error Coram Nobis." The State responds that the petition does not present "newly discovered evidence," it is time-barred, and due process does not warrant tolling the statute of limitations. "Additionally, because the [Petitioner's] plea constituted an admission of facts necessary to convict, she is not entitled to now challenge it in a coram nobis action."

We first address whether the instant petition is moot. The Petitioner was released from probation and had paid all of her required fees and restitution approximately seven years before filing the instant petition. "'A moot case is one which has lost its character as a present, live controversy.'" State v. Ely, 48 S.W.3d 710, 717 n.3 (Tenn. 2001) (quoting County of Shelby v. McWherter, 936 S.W.2d 923, 931 (Tenn. Ct. App. 1996)). "'To avoid being dismissed as moot, cases or issues must be justiciable not only when a case is first filed but . . . [also] throughout the entire course of the litigation, including the appeal.'" Id. (quoting McWherter, 936 S.W.2d at 931). "A case will generally be considered moot if it no longer serves as a means to provide relief to the prevailing party." State v. Howard, 2 S.W.3d 245, 248 (Tenn. Crim. App. 1999) (rejecting defendant's argument that State's petition to declare him a motor vehicle habitual offender "became moot after the Department of Safety restored his driving privileges"). In Sibron v. State of New York, 392 U.S. 40 (1968), the United States Supreme Court recognized that a "criminal case is moot only if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction." Moreover, the Tennessee Supreme Court has cautioned courts to "refrain from dismissing an appeal as moot when collateral consequences remain following the dismissal of the appeal. . . . Such collateral consequences can include the continued effect of an order that has expired or is invalid." Hudson v. Hudson, 328 S.W.3d 863, 865-66 (Tenn. 2010) (citing May v. Carlton, 245 S.W.3d 340, 344 & n.3 (Tenn. 2008) (citing Carafas v. LaVallee, 391 U.S. 234, 239 (1968)) (holding as a collateral

consequence restrictions on voting, holding public office, or serving as a juror that remain following an invalid conviction for which the petitioner is no longer in custody).

On appeal, the Petitioner does not address any specific collateral legal consequences of her felony conviction, but rather she complains generally of "the stigma of felony conviction." At the hearing on her petition, her counsel stated that "[t]his felony took away her ability to work in" the medical field in Tennessee, but he noted that the Petitioner had recently found work in Tennessee through an out-of-state transfer. The Petitioner testified that she was in school and "just trying to get it where I can get certified," but there was no testimony that her conviction precluded her certification. We conclude that the record does not show that collateral legal consequences will be imposed as a result of the felony conviction.

Nor does the Petitioner argue that her case falls within any of the recognized exceptions to hearing moot cases. See McIntyre v. Traughber, 884 S.W.2d 134 (Tenn. Ct. App. 1994) (Koch, J.) ("The two most common exceptions involve: (1) issues of great public interest and importance to the administration of justice and (2) issues capable of repetition yet evading review.") (citations omitted); Dockery v. Dockery, 559 S.W.2d 952 (Tenn. Ct. App. 1977) ("The types of issues the courts are likely to resolve despite their mootness are: (1) questions that are likely to arise frequently; (2) questions involving the validity or construction of statutes; (3) questions relating to elections; (4) questions relating to taxation, revenue, or governmental financial affairs; (5) questions relating to the conduct of public officers or bodies; (6) questions involving the governmental regulation of public utilities; and (7) questions which must necessarily become moot before the appeal can be heard."). In our view, the Petitioner's issue is not one that would arise frequently. She was sentenced in 2000, and in 2009, the Tennessee Legislature enacted section 39-14-153, which specifically addresses failure to report income to a public housing authority. T.C.A. § 39-14-153 (2010). Accordingly, we conclude that the Petitioner's claim is moot and does not fall within any of the exceptions this State recognizes for hearing moot cases.

In addition to being moot, the petition fails to state a cognizable claim. For purposes of discussion, we will merge the Petitioner's first two arguments. In support of her argument that she cannot be guilty of that which is not a crime, the Petitioner cites a section entitled "Effect of criminal code":

(a) Conduct does not constitute an offense unless it is defined as an offense by statute, municipal ordinance, or rule authorized by and lawfully adopted under a statute.

. . . .

(c) This title does not bar, suspend, or otherwise affect any right or liability to damages, penalty, forfeiture, or other remedy authorized by law to be recovered or enforced in a civil suit for conduct the criminal code defines as an offense, and the civil injury is not merged in the offense.

T.C.A. § 39-11-102(a), (c) (1997). She contends that because Butler and Marshall "have stated that the offense for which [the Petitioner] was prosecuted and convicted is not a crime," due process "requires that the stigma of felony conviction should be removed," and "[t]he proper procedure to address [the Petitioner's] actions would have been to bring a civil action." See Butler, 2008 WL 4170283, aff'd sub nom. Marshall, 319 S.W.3d 558. The comments to subsection (a) and VanArdsall v. State, 919 S.W.2d 626 (Tenn. Crim. App. 1995), explain that the 1989 Criminal Sentencing Reform Act abolished all common law offenses and replaced them with statutory offenses. The statute by which the Petitioner was charged was Tennessee Code Annotated, section 39-14-104, which provides: "A person commits theft of services who: (1) intentionally obtains services by deception, fraud, coercion, false pretense or any other means to avoid payment for the services." The Petitioner was properly charged under a viable Tennessee statute and not under common law, therefore her argument under Section 39-11-102 is without merit.

Rather, the crux of the Petitioner's argument centers on the interpretation of the word "services" in section 39-14-104 of the Tennessee Code, and she relies upon the interpretation announced in Butler, 2008 WL 4170283, aff'd sub nom. Marshall, 319 S.W.3d 558. The Petitioner's second argument, which we address with her first, is that due process requires tolling the statute of limitations for her petition for writ of error coram nobis.[2]

The Petitioner filed a petition for writ of error coram nobis. A writ of error coram nobis is available to convicted defendants, including those who entered best interest guilty pleas. T.C.A. § 40-26-105 (1997); Wlodarz v. State, 361 S.W.3d 490, 506 (Tenn. 2012). However, a writ of error coram nobis is an "extraordinary procedural remedy" that "fills only a slight gap into which few cases fall." State v. Mixon, 983 S.W.2d 661, 672 (Tenn. 1999) (citing Penn v. State, 670 S.W.2d 426, 428 (Ark. 1984)); State v. Workman, 111 S.W.3d 10, 18 (Tenn. Crim. App. 2002). "The purpose of this remedy 'is to bring to the attention of the [trial] court some fact unknown to the court, which if known would have resulted in a different judgment.'" State v. Hart, 911 S.W.2d 371, 374 (Tenn. Crim. App. 1995) (quoting State ex rel. Carlson v. State, 407 S.W.2d 16, 167 (Tenn. 1966)).

---

[2]The Petitioner also asserts that "a void judgment and an illegal sentence may be corrected at any time." In support of this argument, she cites habeas corpus cases. The Petitioner did not file a habeas corpus petition, nor does she ask this Court to treat her petition as a habeas corpus petition.

Relief by petition for writ of error coram nobis is governed by Tennessee Code Annotated section 40-26-105. The statute provides, in pertinent part:

> The relief obtainable by this proceeding shall be confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding. Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial. The issue shall be tried by the court without the intervention of a jury, and if the decision be in favor of the petitioner, the judgment complained of shall be set aside and the defendant shall be granted a new trial in that cause.

T.C.A. § 40-26-105 (1997). "The decision to grant or deny a petition for the writ of error coram nobis on the ground of subsequently or newly discovered evidence rests within the sound discretion of the trial court." Hart, 911 S.W.2d at 375 (citations omitted).

The statute of limitations for a petition for writ of error coram nobis is one year from the date the judgment becomes final in the trial court. T.C.A. § 27-7-103 (1997); Mixon, 983 S.W.2d at 671. For purposes of a coram nobis petition, a judgment becomes final thirty days after the entry of the trial court's judgment if no post-trial motions are filed or upon entry of an order disposing of a timely post-trial motion. Mixon, 983 S.W.2d at 670 (citing Tenn. R. App. P. 4(c); State v. Pendergrass, 937 S.W.2d 834, 837 (Tenn. 1996)). "The State has the burden of raising the statute of limitations bar as an affirmative defense. Harris v. State, 301 S.W.3d 141, 144 (Tenn. 2010) (citing Harris v. State, 102 S.W.3d 587, 593 (Tenn. 2003)). The issue of whether a claim is barred by an applicable statute of limitations is a question of law, which this court reviews de novo. Id. at 144 (citing Brown v. Erachem Comilog, Inc., 231 S.W.3d 918, 921 (Tenn. 2007)).

The Petitioner's sole ground for her petition for writ of error coram nobis is the decision of the Tennessee Supreme Court in Marshall, which affirmed this Court's ruling. Marshall, 319 S.W.3d 558, aff'g State v. Butler, 2008 WL 4170283. We conclude that neither court's opinion is "newly discovered evidence" or "some fact unknown to the court, which if known would have resulted in a different judgment." T.C.A. § 40-26-105; Hart, 911 S.W.2d at 374. The Petitioner does not challenge any of the facts supporting her best interest plea, and the State stipulates that the facts of this case were "very similar" to the facts in Butler, 2008 WL 4170283. Like the Petitioner, the Butler defendants leased public housing

where rent was determined by income, hence the lessees were required to report any change in income. The Butler defendants failed to report income in order to receive lower rent, and they were indicted for theft of services under Section 39-14-104 of the Tennessee Code. Id. at *1. Interpreting Tennessee Code Annotated Sections 39-14-104 and 39-11-106(35), Butler and Marshall applied the age-old statutory rule of construction, "ejusdem generis," which means that "'where general words follow special words which limit the scope of the statute, general words will be construed as applying to things of the same kind or class as those indicated by the preceding special words.'" Butler, 2008 WL 4170283 at *4 (quoting State v. Young, 196 S.W.3d 85, 104 (Tenn. 2006)); Marshall, 319 S.W.3d 558. Butler held that "the public housing received by the Defendants does not fall within the 'services' definition for purposes of the theft of services statute." Id. at *5. This rule of construction has been discussed and applied by the Tennessee Supreme Court for over a century and was equally available to Petitioner and her trial counsel in 2000. See, e.g., Samuelson v. State, 95 S.W. 1012, 1014 (Tenn. 1906); Fry v. Shipley, 29 S.W.6, 7 (Tenn. 1895). The Butler defendants successfully moved to dismiss their indictments under the proposition that their conduct did not qualify as "theft of services" under Tennessee Code Annotated Section 39-14-104, and this Court affirmed. Butler, 2008 WL 4170283. As the State notes, the Petitioner had the same opportunity as the Butler defendants to argue this interpretation through a motion to dismiss, a certification of a question of law, or a timely filed post-conviction petition. She cannot show that she could not have litigated this matter at trial. The Petitioner's counsel conceded at the hearing that "it's an issue of law, and . . . it's on the same exact facts" as Butler. Id. Likewise, Butler entertained a "purely legal issue," and its decision is not a proper basis for a petition for writ of error coram nobis. Id. at *3; see Wlodarz v. State, 361 S.W.3d 490, 497 (Tenn. 2012) ("In Crawford v. Williams, 31 Tenn. 341, 345 (1851), this Court ruled that "[i]f a judgment be erroneous in matter of fact only, and not in matter of law, it may be reversed in the same court by writ of error coram nobis.").

Even if the Petitioner had filed a proper petition for writ of error coram nobis, the petition was time-barred. A petition for writ of error coram nobis must be filed within one year of the judgment becoming final, and in this case that deadline was December 27, 2001. Indisputably, the Petitioner missed this deadline, and the State properly raised the statute of limitations defense in its response to the petition.

The coram nobis court held that due process required tolling the statute of limitations until this Court entered Butler. Butler, 2008 WL 4170283. Thus, the trial court found that the Petitioner had one year from September 20, 2008 to file her petition. Id.; T.C.A. § 40-26-105. Because she filed her petition in 2011, the trial court found that her petition was time-barred.

"'Whether due process considerations require tolling of a statute of limitations is a mixed question of law and fact, which we review de novo with no presumption of correctness.'" Smith v. State, 357 S.W.3d 322, 355 (Tenn.2011) (quoting Harris v. State, 301 S.W.3d 141, 145 (Tenn.2010)). We conclude that the trial court erred in tolling the statute of limitations until the Butler decision, because as previously discussed, Butler was not "newly discovered evidence" which "could not have been litigated at trial," and the Petitioner had ample opportunity to present her claims within a year of her 2000 judgment. See Workman v. State, 41 S.W.3d 100, 102 (Tenn. 2001).

The Petitioner's third argument is that her "case is timely filed as a petition for post-conviction" relief. As support for this proposition, on appeal she cites Tennessee Code Annotated, section 40-30-108, which is entitled "answer or response" and states in relevant part: "Failure by the state to timely respond does not entitle the petitioner to relief." T.C.A. § 40-30-108. We fail to see how section 108 supports the Petitioner's argument. At the hearing on her petition, the Petitioner cited author David Raybin for this proposition, and he relies upon section 108 for this same contention: "If filed beyond that time [the petition for writ of error coram nobis] is treated as a writ of habeas corpus or, under more recent law, as a petition for post-conviction relief." 11 David Louis Raybin, Tennessee Criminal Trial Practice § 33:31 (2008) (footnotes omitted). We conclude that the Petitioner cites no appropriate authority for her argument that if her petition for writ of error croam nobis is filed late, it "is treated as a petition for post-conviction relief." The Petitioner is not entitled to relief.

## CONCLUSION

Upon review, we affirm the coram nobis court's dismissal of the petition.

_____
CAMILLE R. McMULLEN, JUDGE